*McCay, Judge.
1. Assuming that this case is to be governed by section 2622 of the Revised Code, (though the original possession was taken four years before that provision was the law,) we think the Judge was right in his construction of the section. Its provision is, that “the exclusive possession by a child, of lands originally belonging to a father, without payment of rent for the space of seven years, shall create a conclusive presumption of a gift and convey title to the child, unless there is evidence of a loan, or a claim of dominion by the father, acknowledged by the child, or of a disclaimer of title on the part of the child.”
The whole idea of this law is based upon the conduct of the father — that he has for seven years allowed the son to keep his land without paying rent, and has claimed, for all that time, no-dominion over it. And the presumption of gift and conveyance of title is clearly made to depend upon the continuance for seven years of these things. If, during one of the years, rent was paid, or if for but once during the period the father claims and the child acknowledges dominion, the presumption does not obtain. How can this state of facts exist, unless the father be alive for the whole period?
2. The ground of the exclusion of the evidence excluded does not affirmatively appear. But it was objectionable for two rea■sons: 1st. The question assumed there had been a division, and was objectionable as a question for that reason. 2d. A “distribution” is presumed to have been made by the usual means, and a return of it to the Ordinary is presumed to exist. That is the highest evidence of its details. There was no excuse offered for not producing this, the highest evidence of the facts, connected with the division.
Judgment affirmed.