## SHARMAN, sheriff, for use, *vs.* WALKER.

[SPEER, Justice, being disqualified in this case, Judge UNDERWOOD, of the Rome circuit, was appointed to preside in his stead.]

1. Where a purchaser at a sheriff's sale fails to comply with his bid, the sheriff may sue him for the amount thereof, or may re-sell the property and sue him for the difference between the original bid and what the property brings at the second sale.
2. In such a suit, the sheriff is the party plaintiff, and parties interested in the fund are properly joined as usees in the action; nor is there any misjoinder because the sale took place under two mortgage *fi. fas.*, the plaintiffs in both of which are made usees of the sheriff's suit.

Sheriff. Parties. Pleadings. Non-Suit. Before Judge SIMMONS. Crawford Superior Court. March Term, 1881.

Reported in the decision.

J. A. HUNT; R. P. TRIPPE; R. D. SMITH, for plaintiff in error.

HALL & SON; W. S. WALLACE; BACON & RUTHERFORD, for defendant.

UNDERWOOD, Judge.

This is a suit at law, commenced by the plaintiff in the court below as sheriff of the county of Crawford, for the use of James M. Smith and Peter W. Alexander, who were severally plaintiffs in two separate mortgage *fi. fas.* issued from judgments of foreclosure, being of the same date. At the sale of the mortgaged property, which was the same in each mortgage, the defendant in error bid off the property, in two parcels, at the aggregate sum of $15,466.00. The bidder failed to comply with the terms of the sale, and pay the bid when it was demanded by the sheriff. On the same day, under the provisions of section

3655 of the Code of 1873, the property was re-sold, and was bid off by John C. Zorne and William T. Respass, in separate parcels, for the aggregate sum of $9,155.00, making a difference between the two sales of $6,311, for . which sum the suit was brought.

These facts were properly set forth in the declaration. The defendant demurred to the plaintiff's declaration on the trial, and moved to non-suit said case, on the ground that there was a misjoinder of plaintiffs and causes of action; and after argument and consideration by the court, a non-suit was awarded upon the grounds aforesaid, unless the plaintiff should see proper to amend the said suit by striking from the declaration one of said plaintiffs, which was declined. The case was dismissed, and the plaintiff excepted.

The plaintiff in error relies upon the case in 31 *Ga.*, 393, *Glenn vs. Black et al.*

The fifth head-note of the case is in these words: "It is not a misjoinder in such an action to introduce as usees of the plaintiff several plaintiffs in execution, whose interest is of the same nature, and who all claim a participation in the fund sued for; and if any such be omitted by mistake, or accidentally, the omission may be supplied by an amendment." This was a case in favor of the sheriff, Black, to recover from Glenn the amount of his bid, for the use of several different plaintiffs in *fi. fa.*, and a motion was made to amend by adding other plaintiffs in *fi. fas.*, as usees of the plaintiff, the sheriff.

Judge Jenkins, speaking for the court, says on page 398:

"The plaintiff, at the trial term, moved to amend the declaration by adding other usees than those originally named in it. This amendment neither introduced a new cause of action, nor in any way varied the liability of the defendant. Technically speaking, it did not change the party plaintiff. The sheriff is the party plaintiff. With him the contract set out in the declaration was made. The

usees are introduced to show, in the language of the statute, who is, or are, interested in the enforcement of the contract.   *   * ·   *   It was argued that there was, by this amendment, a misjoinder of plaintiffs.   But there was in reality but one plaintiff, namely, the sheriff.   He is the party authorized to sue.   He has discretion in such cases, either to proceed against the recusant purchaser for the whole amount of his bid, or to re-sell the property, and hold him liable for any loss that may result.   "There can be but one recovery for such failure, or refusal, to comply with the terms of sale; and as the act provides that the sheriff shall sue for the use of the party interested, all persons so interested should be joined as usees. The money recovered, if any, goes into the sheriff's hands, and he is subject to the order of the court in distributing it among the usees.   The amendment was properly allowed."

Misjoinder of plaintiffs and causes of action was the very identical question in the case, and the extract quoted distinctly and clearly decides both,—that the sheriff is the party; that there may be as many usees as there are persons interested; that there can be but one recovery; that the cause of action arises on the contract with the sheriff, by making the bid and failure or refusal to comply with the terms of sale when requested so to do by the sheriff.   This decision in 31 *Ga.*, we affirm.   We might stop here.

It is insisted by the very learned and able counsel for the defendant in error, "that there is a case in 12 *Ga.*, 189, *The Governor, for the use of G. W. Moore and M. H. Myrick, vs. Hicks et al.*, in conflict with the case in 31 *Ga.*, 393, just quoted, and that the case in 12 *Ga.*, 393, was decided in 1852, before the statute of 1858, which it is contended made the decisions of the supreme court the law to the same extent as if enacted into a statute, and, therefore, that the case in 12 *Ga.* is the law and controls this case."

For the sake of this argument, let all this, except the conflict, be conceded.   We suppose that the learned coun-

Sharman, sheriff, for use, *vs.* Walker.

sel will not contend that the force of the statute of 1858 goes further than the decision in the particular case. It does not enact into a statute the argument of the organ of the court delivering the opinion, and the reasons for the opinion. The case in 12 *Ga.* was an action of debt on a sheriff's bond, for the use of G. W. Moore and M. H. Myrick and Moore & Myrick, three separate and distinct plaintiffs, suing in the name of the governor for their use severally. The declaration stated that one of the plaintiffs, George Moore, recovered $928.98, principal, and $68.03, interest, besides cost, in November, 1842, on an attachment against Elkanah Sawyer and Littleberry Boon; that Matthew H. Myrick, another plaintiff, recovered, at the same time, of Elkanah Sawyer, a judgment for $747.41, principal, and $54.81, interest, besides cost; and that Moore & Myrick, purchased jointly and took by assignment to Myrick, for the use of himself and Moore, a *fi. fa.* against Sawyer and Boon, from one Littleberry Lucas, dated in August, 1842, for $1,278.00, principal, and $65.44 interest, besides cost. The breach alleged was that Hicks, the sheriff, sold the property of Sawyer, the defendant, to the amount of $3,600.00 on these several executions; that, by a verdict by a jury upon a collateral issue, there was found to be still in the sheriff's hands $1,024.06 of the proceeds of the sale of the defendant's property, unaccounted for. Upon this statement of facts, the action was brought upon the bond and the failure of the sheriff to pay over that money. At the trial, the declaration was demurred to. One ground was misjoinder of plaintiffs and several causes of action in the same writ. The court sustained the demurrer, but allowed the party to amend, which he declined to do, and the case was dismissed. Judge Lumpkin, the organ of the court, said: "That the objection was well taken, and fatal. Courts will not in one suit take cognizance of distinct and separate claims of different persons; where the damage as well as the interest is several, each party injured must, in that case, sue separately."

We hold that the decision in that case, affirming the case, as applied to the facts of that case, is good law. We think there is a clear distinction between the case in 12 *Ga.* and the case in 31 *Ga.*

The case in 12 *Ga.* was an action of debt. There was no privity between the plaintiffs; there was no community of interest; each party injured could have maintained a separate suit for his interest until the penalty of the bond was exhausted. The priority and dignity of the several claims and the apportionment of the fund to them, could not properly have been made in that suit.

The case in 31 *Ga.* was in the nature of action of *assumpsit*, arising upon the contract made with the sheriff by the bid, in which all plaintiffs in judgment were alike interested. There could be but one recovery on that contract, and those who were not parties to the suit could not participate in the fund recovered. The sheriff was under the direction and control of the court. It was his duty to sue and bring the money into court, when recovered, for distribution.

We therefore reverse the ruling of the court below in this case, awarding a non-suit and dismissing the case, and direct the same to be reinstated.

Judgment reversed.