## MATHIS et al. v. FORDHAM, ordinary, for use, etc.

114 364
Case 2
121 678
114 364
Case 2
f129 328

1. Allegations to the effect that an action was brought against M. "as administrator on the estate of" W., and that the plaintiff obtained a judgment against "the said [M.], administrator as aforesaid," sufficiently show, certainly as against a general demurrer, that the judgment was rendered against M. in his representative and not in his individual capacity.
2. A "speaking" demurrer is not good. A demurrer to a petition, presenting the point that a named person described as heir at law of one deceased was not joined as a party defendant, is of this character when there is nothing in the petition showing that the deceased left any such heir.
3. A petition brought by an ordinary for the use of a named woman "and her three minor children" is not demurrable on the ground that "all of the plaintiffs' names are not set out in said petition." In such a case she and her children are not plaintiffs but usees.
4. A ground of demurrer which does not present for decision any distinct question is without merit.
5. As the answer in the present case set up no good matter of defense, it was properly stricken; and there was no error in directing a verdict in the plaintiff's favor.

Argued November 21, —Decided December 12, 1901.

Complaint. Before Judge Adams. City court of Dublin. March 15, 1901.

"The petition of Joe M. Fordham, ordinary of Laurens county, who brings this petition for the use of Mary Jane Mathis and her three minor children, shows the following facts, to wit: 1. That on the 6th day of May, 1889, A. J. Mathis, as principal, and J. N. Darsey and W. S. Bryan, as securities, entered into an administrator's bond, payable to the ordinary of said county and his successors in office, jointly and severally obligating themselves, their heirs, executors, and administrators, in the sum of fifteen hundred dollars, that A. J. Mathis should administer according to law upon the estate of James T. Warren, late of said county, deceased. 2. That the estate of the said James T. Warren, deceased, which went into the hands of the said A. J. Mathis, administrator, was of the value of $750, or other large sum. 3. That on the 3d day of April, 1899, at the April term of Laurens court of ordinary, Mary Jane Mathis, suing for the use of herself and her three minor children, obtained a judgment against the said A. J. Mathis, administrator as aforesaid, for the sum of $595.20. 4. That the said judgment was obtained on a petition brought by said Mary Jane Mathis, for the use of herself and her three minor children, for a settlement with the said A. J. Mathis as administrator on the estate of said James T. Warren, deceased, all of said estate having previously been set aside by the ordinary of said county for a twelve months' support of the said Mary Jane Mathis and her three minor children, who were respectively the widow and minor children of said James T. Warren, deceased. 5. That, said administrator having failed to pay said judgment, an execution was issued against the lands and tenements, goods and chattels of the deceased, then in the hands of said administrator to be administered, if to be found, and, if none to be found, then against the goods and chattels, lands and tenements of said A. J. Mathis, held in his own individual right; and the sheriff of said county having made a return of due search and no property to be found on which to levy said execution; that by reason of the above-recited facts a breach of said bond has been made and established. 6. That since the execution of said bond, the said J. N. Darsey, one of the securities on said administrator's bond, has departed this life, intestate, leaving an estate of real and personal property largely in excess of said bond, which estate has

been administered upon by A. L. Darsey, administrator of said J. N. Darsey, and which said estate of said J. N. Darsey has been distributed among the heirs at law of said J. N. Darsey, who are as follows, to wit: Emma Darsey, A. L. Darsey, Anna Darsey, and Clara Darsey.   7. That, by reason of the facts set out in this petition, said A. J. Mathis, W. S. Bryan, A. L. Darsey, Emma Darsey, Anna Darsey, and Clara Darsey, all of said county of Laurens and State of Georgia, have become jointly and severally liable to pay to your petitioner for the uses aforesaid the amount of said judgment, including principal, interest, and costs, due thereon as aforesaid.   8. That two of the said heirs of the said J. N. Darsey, to wit, Anna Darsey and Clara Darsey, are minors, and that on the 1st day of November, 1897, A. L. Darsey was, by the ordinary of said county, appointed the legal guardian of the persons and property of said two minors, and duly qualified as such guardian." Here follows a prayer for process against A. J. Mathis, W. S. Bryan, A. L. Darsey, Emma Darsey, A. L. Darsey as guardian for Anna Darsey, and A. L. Darsey as guardian for Clara Darsey.

The defendants answered, that they were not indebted to the plaintiffs; that they were not prepared to deny the allegations contained in the 3d, 4th, 5th, and 6th paragraphs of the petition, but that if the plaintiffs did obtain a judgment against defendant Mathis for $595.20, based on the idea that he as administrator was indebted to them, the judgment was illegal and they were not bound by it, as he did not owe the estate that amount, or any other amount, for the reason that while he was administrator he paid debts of the estate and advanced money for improvements and work on the estate, and for the purchase of mules, wagons, etc., in amounts stated, which exceed the amount of the judgment; that they denied the allegations set forth in paragraph 7 of the petition ; that the year's support set apart for plaintiffs was illegal and void, and the judgment based on it in the suit for its recovery was illegal, and therefore no action could be based on it; and that the estate turned over to plaintiffs by Mathis, administrator, was worth four times as much as it was when it was received by him.   For the other facts see the opinion.

*Griner & Baldwin* and *James K. Hines*, for plaintiffs in error.
*James B. Sanders* and *Alexander Akerman*, contra.

LUMPKIN, P. J. An action was brought in the city court of Dublin by J. M. Fordham, as ordinary, suing for the use of Mary Jane Mathis "and her three minor children." The petition is set forth in the official report preceding this opinion. To this petition the defendants filed a demurrer based upon the grounds: "1st. That there is no cause of action set forth in said petition. 2nd. That one of the heirs at law of J. N. Darsey, to wit Laura E. Garrett, was never sued in said action. 3rd. Because there is nothing set forth in said petition to predicate the suit upon, and all of the plaintiffs' names are not set out in said petition. 4th. The defendants were not bound at any time to said estate except by bond, and the bond which they gave has not been sued upon." The demurrer was overruled, and the defendants excepted. They also filed an answer, the substance of which appears in the above-mentioned official report. This answer, or demurrer thereto, was stricken by the court, and thereupon a verdict in favor of the plaintiff for the amount sued for was directed; to all of which exception was taken by the defendants.

1. It was insisted on the argument here that, according to the allegations of the petition, the judgment against A. J. Mathis, the basis of the plaintiff's action, was against Mathis individually, the same not being a judgment against him in his representative capacity. It will be noted that this point is not made by special demurrer, and therefore the contention of counsel for the plaintiffs in error must necessarily mean that the petition was not, for the reason assigned, good as against a general demurrer. We can not concur in this view. The plaintiff's petition alleged that Mrs. Mathis, "for the use of herself and her three minor children, obtained a judgment against the said A. J. Mathis, administrator, as aforesaid;" and further, that this judgment was obtained on a petition brought by her for the use of herself and her children for a settlement with "the said A. J. Mathis, as administrator on the estate of said James T. Warren, deceased."

2. The second ground of the demurrer makes the point that Laura E. Garrett, one of the heirs at law of J. N. Darsey, deceased, was not sued. This is a "speaking" demurrer, because it does not appear in the petition that J. N. Darsey had such an heir. The proper method for presenting this point was to file a plea of nonjoinder.

3. The third ground of the demurrer raises the objection that

" all the plaintiffs' names are not set out in said petition." There is but one plaintiff, viz., Fordham, the ordinary of Laurens county. Mrs. Mathis, by name, and her three minor children, by reference, are simply designated as usees. If the defendants deemed it essential that the petition should set forth the names of these children, the demurrer should have presented the point that the petition failed to disclose the names of these usees. Instead of so doing, complaint was made that the petition was defective in that it did not set forth the names of all the parties plaintiff. Presumably, the defendants regarded the usees as plaintiffs, but they could not properly be so considered in determining the question whether or not the petition was brought in accordance with the established rules of pleading. Had the usees been actually joined with the ordinary as parties plaintiff, the petition would undoubtedly have been demurrable; for the bond sued on was payable to the ordinary, and the usees were strangers to the contract evidenced thereby. Nevertheless, it was in the argument here urged that, in a suit of this kind, the usees are to be regarded as the real plaintiffs. Undoubtedly, for many purposes it would be proper to treat them as the real beneficiaries of the action. For instance, they should be so regarded when so doing would be essential to the assertion of any right or defense on the part of the defendants. But, in a strictly legal sense, usees are not parties to the case, and can not be joined as plaintiffs with the person in whose name the law declares the action must be brought and conducted. In *Sharman* v. *Walker*, 68 *Ga.* 148, which was a suit by a sheriff for the use of named persons, it was held that he was "the party plaintiff" and that those for whose benefit he sued were "properly joined as usees in the action." Counsel for the plaintiffs in error cited and relied on the case of *Wortsman* v. *Wade,* 77 *Ga.* 651, and the cases cited by Mr. Justice Hall on page 656. In the main case it was simply held that the action there dealt with was removable to the United States court, on the ground that though the United States marshal was the formal party plaintiff, his usees, the real beneficiaries of the action, were non-residents of Georgia. It is true that they were referred to as "the real plaintiffs in the action," but this merely meant that they should be so considered for the purpose of determining whether or not the suit could properly be removed to the Federal court. No question concerning the sufficiency of the plead-

ings was in that case raised or passed upon. Of the cases cited in the opinion we have already noticed that of *Sharman* v. *Walker*, which, we think, directly supports the ruling we now make. The other cases do not sustain the contention of counsel, for in none of them was the court dealing with the question whether, relatively to the proper practice in framing the pleadings, persons for whose use an action is brought can properly be considered parties plaintiff.

In conclusion it is proper to call attention to the fact that the rules governing good pleading apply as well to the framing of a demurrer as to the preparation of a petition which it seeks to attack. It is obvious that in the present case the defendants' demurrer does not remotely present the point insisted upon in the argument here, viz., that the petition was defective in that the names of all the usees were not set forth therein; and this being so, the demurrer falls far short of coming up to the requisite standard of certainty which the law declares shall be observed by a defendant who seeks to take advantage of the failure of a plaintiff to conform to the requirements of good pleading.

4. The 4th ground of the demurrer is entirely too vague and indefinite to raise any point for our determination. We have studied the language employed, closely and carefully, and candidly are unable to conjecture what objection to the petition was thereby intended to be made. It certainly does not present the point that there was a misjoinder of parties defendant.

5. It is clear that there was no error in striking the defendants' answer. An examination of it will show that there are no distinct denials of the material allegations of fact set forth in the plaintiff's petition, nor any statement to the effect that for want of sufficient information the defendants were unable either to admit or deny the same. The denial of the 7th paragraph of the petition amounted to nothing. That paragraph stated a conclusion of law, and presented no allegation which could be met by answer. Any objection to this paragraph should have been raised by demurrer. Civil Code, § 5049. In so far as the answer attempted to set up matters of defense, it will be at once perceived that this was neither more nor less than a naked effort to go behind a judgment without suggesting a single good reason against its validity.

There was no error in directing the verdict to which exception is taken. With the answer out of the way, and taking the plain-

tiff's allegations as true, this verdict was the necessary result of the trial.    *Judgment affirmed.    All the Justices concurring.*