## WEAVER *et al. v.* TUTEN, administrator.

1. An exemplification from the record of the various proceedings in the court of ordinary relating to the administration of an estate is not to be rejected from evidence because the verification of the whole is embraced in one certificate, where the entire record is competent evidence.

2. The general rule is, that where a judgment is relied upon as an estoppel, or as establishing a particular state of facts, of which it was the judicial result, it can be proved only by offering in evidence a complete and duly authenticated copy of the entire proceedings in which the same was rendered; yet, where the only direct object to be subserved is to show the existence and contents of such judgment, a properly authenticated copy of the judgment entry of a court of record, possessing general original jurisdiction, is admissible, without more.

3. In a suit against the sureties of a removed administrator, by his successor in office, a judgment rendered by the ordinary against the administrator on a citation by the distributees for a settlement is competent evidence.

4. The Civil Code, § 3974, authorizes a suit against the sureties of an administrator alone, if their principal is beyond the jurisdiction of the State, or is dead and his estate unrepresented, or in such position that an attachment may be issued against him. Where in an action against the sureties it is alleged that the administrator absconds and has removed from the State, and this allegation is denied in the answer, it is error to direct a verdict without uncontradicted proof of this allegation of the petition.

APRIL 12, 1912.

Action upon bond. Before Judge Conyers. Appling superior court. March 9, 1911.

*W. W. Bennett,* for plaintiffs in error. *J. R. Thomas, W. H. Watson, V. E. Padgett,* and *J. B. Moore,* contra.

EVANS, P. J. The action was by J. L. Tuten, administrator de bonis non on the estate of G. W. Freeman, against J. L. Weaver et

al., sureties on the bond of W. R. Lee, the former administrator. From the pleadings and evidence it appeared that G. W. Freeman died intestate, and W. R. Lee was duly appointed administrator on his estate, and gave bond, with the defendants as sureties. The heirs at law filed a caveat to the return of the administrator, and upon the issue made thereon the court rendered a judgment showing a net amount in the hands of the administrator, due to the estate, in the sum of $1,990.21. The heirs at law cited the administrator to a settlement; and upon the hearing it was adjudged that the administrator had in his hands the sum of $1,990.21, which sum he was ordered to distribute among the distributees of the estate of G. W. Freeman. Subsequently W. R. Lee was discharged from the office of administrator, and letters of administration de bonis non on the estate of G. W. Freeman were duly issued to the plaintiff. A verdict was directed for the plaintiff in the sum of $1,990.21. A motion for a new trial was overruled, and the defendants excepted.

1. The plaintiff tendered in evidence the following exemplification from the records of the court of ordinary: (a) a judgment reciting that John Freeman, as guardian for the distributees, had caveated the annual return of the administrator, and that the ordinary had heard evidence and had made an account stated, wherein the various amounts collected by W. R. Lee were charged against him and the various amounts allowed as credits were stated, leaving a balance in his hands of $1,990.21; (b) a petition of the guardian of the distributees of the estate, praying that W. R. Lee, administrator, be cited to a settlement, the citation issued by the ordinary on this petition, entry of service on the administrator, and the judgment rendered; (c) an application by the guardian of the distributees against W. R. Lee, administrator of G. W. Freeman, praying his removal as such, on the ground of waste and mismanagement, with citation and entry of service, and the judgment removing the administrator. To this exemplification the following certificate was attached: "I, Jas. S. Patterson, ordinary and ex-officio clerk of the court of ordinary of said county, do hereby certify that I have compared the foregoing copy of petition to remove an administrator, the return of the administrator, petition to dismiss Freeman, guardian of the minor children of G. W. Freeman, for settlement, and all other and further papers

connected therewith, and W. R. Lee, administrator of the estate of G. W. Freeman, deceased, and is a true copy of the original record thereof now remaining in this office, and the same is a correct transcript thereof and of the whole of such papers." Objection was made to the copies from the record being received in evidence under this certificate, on the ground that the several matters could not be joined together and certified in bulk. The statute provides that a certificate of any public officer shall give sufficient validity and authenticity to any transcript of any record in his office, so as to admit the same in evidence in any court in this State. Civil Code, § 5798. Where the various records appertain to the same subject-matter, it is proper that they be joined together and certified under one certificate. All of the records referred to the same subject-matter, and were properly comprehended under one certificate, which sufficiently identified them. See, in this connection, *Lee* v. *Giles,* 124 *Ga.* 494 (52 S. E. 806).

2. The objection to the exemplification of the record of the judgment on the caveat to the return of the administrator was upon the ground that it was not accompanied by the annual return and the caveat. The statute provides for objections being filed to annual returns within thirty days. Civil Code, § 3994. The administrator had made his return, and the distributees had caveated certain items. All of these matters were fully recited in the judgment, and each item of the debit and credit side of the account was stated in the judgment of the ordinary. The plaintiff also introduced in evidence the judgment rendered in the suit by the guardian of the distributees against the administrator, for the same amount found to be in the hands of the administrator by the corrected return. The general rule is, that where a judgment is relied upon as an estoppel, or as establishing a particular state of facts, of which it was the judicial result, it can be proved only by offering in evidence a complete and duly authenticated copy of the entire proceedings in which the same was rendered; yet, where the only direct object to be subserved is to show the existence and contents of such judgment, a properly authenticated copy of the judgment entry of a court of record, possessing general original jurisdiction, is admissible, without more. *Gibson* v. *Robinson,* 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250).

3. It is contended that the judgment in favor of the guardian

of the distributees against the administrator is inadmissible in a suit brought by the administrator de bonis non against the sureties on the former administrator's bond, for the reason that the parties are not the same. The purpose of this evidence was to show a breach of the bond. Distributees may cite the administrator to a settlement before the ordinary. Civil Code, § 4073. But such distributees can not sue a removed administrator for a devastavit, except where there is no administrator de bonis non, or, if there is one, he fails to sue. Civil Code, § 3982; *Bailey* v. *McAlpin,* 122 *Ga.* 616, 628 (50 S. E. 388). The judgment rendered on the application of the distributees for a settlement was conclusiye on the administrator that he was indebted to them in the amount stated. After the administrator de bonis non was appointed, the distributees could not sue on the bond in their own name, and the action against the sureties, for the administrator's devastavit established by their judgment, was properly brought by the administrator de bonis non. A recovery by the plaintiff will enure to the benefit of the distributees, and an unsatisfied judgment in their favor against the administrator is admissible to show his devastavit in an action against his sureties.

4. We do not think that the court should have directed a verdict. The action was against the sureties alone. The petition alleged that the administrator had absconded and removed from the State. This allegation was denied in the answer, and no proof was offered to sustain it. The Civil Code, § 3974, reads as follows: "The administrator and his sureties shall be held and deemed joint and several obligors, and may be sued as such in the same action; and if the administrator is beyond the jurisdiction of the State, or is dead and his estate unrepresented, or is in such position that an attachment may be issued against him, the sureties, or any one or more of them, may be sued. No prior judgment, establishing the liability of the administrator or a devastavit by him, shall be necessary before suit against the sureties on the bond." Under this section sureties are not suable without joining the administrator in the suit, save in the excepted instances. The plaintiff alleged his case to be within the exception; the defendants denied it; and as the plaintiff failed to prove this allegation, he was not entitled to a verdict. *Judgment reversed. All the Justices concur.*