HUNTER *et al.* v. BURSON, administrator.

No. 6642.  FEBRUARY 14, 1929.
ADHERED TO ON REHEARING MARCH 1, 1929.

G. A. *Johns,* G. D. *Ross,* and J. W. *Arnold,* for plaintiffs.
*Richard B. Russell Jr.,* for defendant.

HINES, J.  Camie E. Hunter died intestate, leaving 10 heirs at law.  S. H. Hunter, one of the heirs, was appointed and qualified as her administrator.  He gave bond with five of the heirs and two strangers, the latter including J. I. Burson, as sureties, in the sum of $20,000, for the payment of which they bound themselves jointly and severally.  The condition of the bond was that the administrator should administer the estate according to law, and make just and true account of his acts and doings, and pay to such persons respectively as were entitled by law all the goods, chattels, and credits which should be found remaining upon the account of the administrator.  All the heirs at law of the intestate, except the administrator, brought suit against him for an accounting.  A verdict was returned finding that the administrator retain for himself the sum of $817.60, this being the amount on hand at the time he was appointed administrator, and that the net balance in his hands of $2,203.28 be divided between all the heirs by paying to each of them the sum of $77.50, except Stark Hunter Jr., who was to be paid the amount of $177.50, and that the balance of $1,-328.28, remaining after the above payments to the heirs, should be paid in sums of $100 to each of the heirs, and that the balance, after such payments, of $328.28, be paid to the administrator for extra service rendered by him.  On said verdict judgment was rendered in accordance with its terms, and providing for the payment of interest on said sum of $2,203.28 from January 21, 1925.  Execution issued on said judgment and the sheriff made a return thereon of nulla bona.  Thereupon Columbus Hunter, Golden Hunter, Stark Hunter Jr., and Mrs. Lydia Hunter Fincher, four of the

heirs at law of the intestate, brought suit against J. F. Burson as administrator of J. I. Burson, one of the sureties upon said bond, in which they alleged the facts above stated, and sought to recover $2,203.28, with interest. They claimed that they were entitled to recover the full amount of said judgment, by reason of an assignment to them by the other heirs of all their interests in said estate, said assignment consisting of the following writing:

"Mr. T. Elton Drake, Attorney, Winder, Ga.     July 9th, 1925. "Dear Sir: It is agreeable with us to settle the case of Hunter vs. Hunter, upon the verdict that was found at the last April term of Barrow superior court. It being agreed that the plaintiffs therein are to receive the amount of the verdict for all claims, rights, or interest that they may have in the Hunter estate; and on consideration of having the said case settled, we waive anything in amount that the verdict give each of the undersigned. The object being to settle the litigation once and for always, and to try and restore peace and good feeling among the family." This was signed by C. E. Hunter, Stark Hunter, Mrs. Darline Hunter, Mrs. Effie Cooper, and W. S. Hunter. At the end of the above letter there is this statement: "Dear Drake: We accept this, and authorize you to dismiss our motion for a new trial. This July 14th, 1925." Signed by Jas. W. Arnold and G. A. Johns, "Attorneys for Columbus Hunter et al."

The defendant demurred upon the grounds: (1) The petition does not set forth any legal cause of action; (2) its allegations are not sufficient to show any liability against the defendant; (3) plaintiffs have no legal right to maintain the suit; (4) the petition and exhibit attached shows that Stark Hunter is principal, S. M. Booth, W. S. Hunter, G. C. Hunter, C. E. Hunter, C. W. Hunter, and J. I. Burson are the sureties on the bond on which this suit is brought, and defendant has been singled out alone of all the parties to said bond and sued in this action, without joining the principal, or other sureties on said bond, which can not be legally done, without showing some legal reason for the omission of their names. The court sustained the demurrer and dismissed the action, and the plaintiffs excepted.

We deem it unnecessary to elaborate any of the rulings embraced in the headnotes, except the one which holds that this suit can be maintained without suing the principal in the bond. It is

clear that one or more sureties on the bond of an administrator can be sued without joining all the sureties. *Poullain* v. *Brown,* supra. This is so because they are joint and several obligors, under section 3974 of the Code. They are expressly denominated such in the bond sued on in this case. It is a well-recognized principle of the law of principal and surety, that, being joint obligors, you can sue the surety without suing the principal, or vice versa. You can sue the principal in the county of the residence of the surety. Why should a different rule be applied to suits upon the bonds of administrators, the principals and sureties thereon being joint and several obligors? But one reason can be suggested, and that is that the administrator should be joined in order to obtain a judgment against him fixing his liability, or that a judgment should be obtained establishing a devastavit by him. Where the heirs have already obtained a judgment de bonis testatoris against the administrator, fixing his liability to them for their respective shares in the estate, on which an execution has issued, and the sheriff has made a return of nulla bona thereon, the purpose of joining the administrator in the suit has been fully accomplished. The prior judgment against the administrator conclusively fixes his liability, and would be prima facie evidence of the liability of the sureties if the suit had been brought against both the principal and the sureties. Obtaining a second judgment fixing the liability of the administrator would not add anything to the force and effect of the previous judgment. Such previous judgment would be prima facie evidence against the sureties in the second suit, of their liability. If the second suit had been brought against both the administrator and the sureties on his bond, all the plaintiffs would have to do would be to introduce the judgment against the administrator in the previous suit, and the return of the sheriff on the execution issued on that judgment showing that no property of the estate could be found on which to levy the execution. The plaintiffs would thus make out a case, and shift the burden on the sureties to rebut the prima facie evidence of their liability shown by the rendition of the judgment against the administrator. Of course, if the previous judgment had not been obtained, the heirs would have to sue the principal in a suit brought against one or more of the sureties on his bond; but already having a judgment fixing his liability, and a return on the execution issued thereon of

no property of the estate on which it could be levied, the necessity for joining the administrator in the second suit is dispensed with. This view enables heirs and creditors to speedily enforce their rights against an administrator, and prevents delay and expense.

So we are of the opinion that under the facts of this case the heirs can proceed against the administrator of one of the sureties on the administrator's bond, without joining the administrator and the other sureties. If judgment is obtained against the administrator of such surety, he can proceed to compel the administrator to reimburse him for any money he pays out; or he can proceed against the other sureties for any right of contribution, if any, which he may have by virtue of having paid off the full amount of the claims of the plaintiff.

*Judgment reversed. All the Justices concur, except Russell, C. J., disqualified.*

### ON REHEARING

HINES, J. In his motion for rehearing the defendant insists that this court overlooked the main and controlling issue in the case, that is, whether the acts and conduct of the plaintiffs, as obligees in the administrator's bond upon which they sue, were such as to increase the risk of J. I. Burson, one of the sureties on said bond, and thus discharge him from liability on said obligation. We did not overlook this contention, but were of the opinion that it was not properly raised by the demurrer to the petition, and for this reason we did not consider it in the opinion we delivered. On further reflection, we think that this issue was sufficiently raised by the general demurrer; and for this reason we granted a rehearing. This brings us to consider and decide this question. It is well settled that "the release of or compounding with one surety discharges a cosurety." Civil Code (1910), § 3542. Do the letter from C. E. Hunter, Stark Hunter, Mrs. Darline Hunter, Mrs. Effie Cooper, and W. S. Hunter, to "T. Elton Drake, Attorney," and the acceptance of the proposition therein contained by the attorneys for the plaintiffs in the suit against the administrator of Camie E. Hunter, constitute a release of any one or more of the sureties on the bond of said administrator? These instruments do not upon their face purport to be a release of the principal or any of the sureties on said bond from liability upon the judgment obtained against the administrator. On the contrary it is expressly agreed

that the plaintiffs in said judgment are to receive the amounts of the verdict in their favor for all claims, rights, or interests that they might have in the estate. There is no hint or suggestion that they are to receive these amounts from the principal in the bond alone, or from him and the sureties other than those who signed the above communication. There is no suggestion in these documents that the plaintiffs are not to look to all the sureties on the bond for the payment of the amounts found in their favor. In these circumstances we do not see how these instruments can be held to constitute a release of any of the sureties on this bond, including those who wrote the above letter. Clearly this surety was not relieved because the plaintiffs in the present suit, or those in the suit against the administrator, had compounded with the sureties who wrote the letter. To compound is to make a composition whereby a creditor discharges his debtor on payment of a smaller sum than that actually owing. *Williams-Thompson Co.* v. *Williams*, 10 *Ga. App.* 251 (73 S. E. 409). These plaintiffs did not agree to receive any smaller amount than was actually owing them. On the contrary it was expressly agreed that they would receive the amounts awarded them in the verdict and judgment against the administrator. There was in this case no composition. So we are of the opinion that this transaction does not amount to a release of or compounding with the cosureties of J. I. Burson, one of the sureties on said bond, whose administrator is sued in the present case for the devastavit by his principal. It follows that he was not discharged by release of or composition with any of his cosureties.

It is likewise true that "any act of the creditor, whether before or after judgment against the principal, which injures the surety, or increases his risk, or exposes him to greater liability, will discharge him." Civil Code (1910), § 3544. Does the transaction evidenced by the above documents show any act of the plaintiffs which injured this surety or increased his risk or exposed him to greater danger? Under these writings the plaintiffs expressly reserved the right to receive the amounts awarded them in the verdict and judgment against the administrator. They agreed to receive these amounts in full of all claims, rights, or interests that they might have in the estate. Clearly this did not increase the risk of this surety, or injure him in any way, or expose him to greater

liability. The writers of the above letter waived the amounts awarded them under the verdict and judgment in the case against the administrator. It does not appear in whose favor this waiver was made. If it were a waiver in favor of the administrator or the sureties on his bond, such waiver could in no way increase the risk of this surety, or injure him in any way, or expose him to greater liability. On the contrary such a waiver would diminish his risk and lessen his liability on this bond. If this waiver was one in favor of the plaintiffs in the present action, and if it amounted to a transfer to them of the amounts awarded by the verdict and judgment to the signers of the above letter, such waiver or transfer would not increase the risk of this surety, or injure him, or increase his liability. The writers of this letter could unquestionably have transferred their interests in this judgment to whomsoever they pleased, including the plaintiffs in this suit. Occupying the dual relation of judgment creditors of the estate, and of the sureties on the bond of the administrator, which dual capacity we must keep in mind in passing upon their liabilities under this transfer, we do not think that such assignment of their interests in this judgment would release them from liability to their assignees as sureties on the bond of the administrator, unless such release was expressly provided for in the writings creating the assignment. We do not mean to hold that the plaintiffs are entitled to recover the full amount for which they sue. They would not be entitled to recover, as assignees or otherwise, the amount awarded to the administrator under the verdict and judgment in favor of the plaintiffs in the case brought against him. This, however, will not prevent them from recovering the amounts awarded them in said verdict and judgment, or any amounts which they may be entitled to recover as assignees of the amounts thereby awarded to the signers of the above letter, if it should finally be determined that the purpose of the above writing was to transfer and assign and it did in fact assign to them the amounts due the writers of the above letter under said verdict and judgment.

The question whether the writings, under which the plaintiffs claim as transferees of the interests of the writers of the above letter in the judgment against the administrator, are sufficient to enable the plaintiffs to recover under said assignments, and the question of the rights of contribution or otherwise which the surety

may have against his cosureties or the plaintiffs as transferees of such cosureties, and of what defenses he may have against the plaintiffs, are not now for decision by this court, and are not now decided.  *Judgment adhered to.*