### 24481. MARYLAND CASUALTY COMPANY *v.* ARNOLD, administrator.

BROYLES, C. J. 1. "In an absence of a judgment fixing the liability of the administrator, or a devastavit by him, the sureties on his bond can not be sued in the first instance, without joining the administrator, unless the latter is beyond the jurisdiction of this State, *or is dead and his estate unrepresented,* or is in such position that an attachment may be issued against him. (Italics ours.) *Weaver* v. *Tuten,* 138 *Ga.* 101, 103 (74 S. E. 835)." *Hunter* v. *Burson,* 168 *Ga.* 59 (3) (147 S. E. 53).

2. It follows from the foregoing ruling that where the surety on an administrator's bond is sued *alone,* and no judgment fixing the liability of the administrator, or a devastavit by him, has been rendered, and it appears from the petition that the administrator is dead, the petition is subject to be dismissed on demurrer unless it alleges that his estate is unrepresented. Especially is this true where (as in the instant case) a ground of the demurrer specifically points out that the petition fails to allege whether the estate of the deceased administrator was unrepresented at the time the suit against the surety on his bond was filed.

3. Under the preceding rulings and the facts of this case, the court erred in overruling the demurrer to the petition; and the further proceedings were nugatory.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 3, 1935. REHEARING DENIED JULY 26, 1935.

*Earle Norman,* for plaintiff in error. *Clement E. Sutton,* contra.

ON MOTION FOR REHEARING.

BROYLES, C. J. In his motion for a rehearing counsel for the defendant in error admits that the trial court erred in overruling that paragraph of the defendant's demurrer which pointed out that the action could not be maintained, because the surety on the administratrix's bond was sued alone, and since it appeared from the

petition that no judgment had been obtained fixing the liability of the administratrix or establishing a devastavit by her, and since the petition showed that the administratrix was dead, and it failed to allege that her estate was unrepresented. However, counsel contends that the demurrer in question was a special demurrer, and that under the facts of the case its overruling was harmless error and does not require a reversal of the judgment. We can not agree with counsel in this contention. It is often difficult to determine whether a particular demurrer is general or special. A special demurrer goes merely to the structure or form of the pleading which it attacks, and usually only to some portion thereof, and it must distinctly specify wherein the defect lies; while a general demurrer goes to the substance or matter of the pleading and attacks it as a whole, and usually without specifying any particular defect therein. However, a demurrer which attacks a petition as a whole because of some vital defect in its allegations, either of commission or omission, is a general demurrer. And this is true though the demurrer may specifically point out the defect in question. In such a demurrer the specific allegations are properly treated as mere elaborations or amplifications of the general demurrer. As was said by Judge Erskine, of the U. S. courts for the State of Georgia, in *Martin* v. *Bartow Iron Works* (reported by L. E. Bleckley in the appendix to 35 *Ga.* 323), "a general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in his demurrer; *but if he thinks proper to point out the faults, this does not vitiate it.*" (Italics ours.) In other words, a general demurrer may specifically point out the defects in the pleading which it attacks. And it is well settled that a petition may be subject to general demurrer either because the allegations of the petition disclose no cause of action or because of "the want of definite allegations essential to a cause of action." 21 R. C. L. p. 519, § 80. In *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (55 S. E. 37, 7 L. R. A. (N. S.) 926), the first ground of the demurrer to the petition was that the petition set forth no cause of action. Another ground of the demurrer was in the following language: "Defendant prays that the petition of plaintiff be dismissed, because it affirmatively appears that if the acts attributed to the agent [of the defendant] were by him committed, they were entirely outside the scope and

province of the duties for which he was employed, and entirely without the sanction or authority of the defendant. Wherefore defendant prays. that said case be dismissed." In construing the quoted ground of the demurrer, the Supreme Court said: "This ground of the demurrer can not be properly construed as a special demurrer. It attacked the whole petition. It pointed to no particular part of it. It covered the whole pleading. It was simply an amplification of the general demurrer." In Heard v. Baskervile, Hob. 233, 80 Eng. Reprint, 378, the court, in discussing the question whether a demurrer was "for form" or "for matter," used the following language: "Now then, the main question is, what is matter and what is form, within the meaning of the law? The statute best expresseth itself in this, for it divideth itself into two main members, which are membra dividentia. First, want or imperfection of form. Second, the matter in law or very right, scil. the true, meer, or very right; to which must be added that which the statute adds, that this right according to which judgment is to be given must appear to the court within the body of the record. So now whatsoever it is without which the right doth sufficiently appear to the court, it is form within this law; and so e converso *whatsoever is wanting or imperfect, by reason whereof the right appears not, is not remedied as form within this law.* And therefore if an executor or administrator bring an action of debt, and do not produce his probate or administration, it is not holpen. So if a man plead a conveyance of a rent, or the like, that can not pass without deed; without producing the deed in plea, it is not holpen: for [it] is not enough for the party to say that he is executor, or that rent was granted to him; but the court must see and adjudge of it, or else the right appears not, and the adverse party may cause the deed to be inrolled, which makes it a part of the plea, whereupon the court shall judge whether it maintain the plea or not. . . If a man bring an action upon an obligation to perform an award, [and] the defendant pleads no award made, [and] the plaintiff replies and shews the award: now here is a full issue, a negative and an affirmative: *yet if the plaintiff doth not also assign the breach, the defendant may demur generally,* yet that breach was not traversable, but the plea as between the parties hath an issue before. And this is but an excrescence or surplusage. *But yet because it doth not appear to the court that he had right or*

*cause of action without it, it is matter and not form,* to set it forth for information of the court." (Italics ours.)

So, in the instant case, conceding (but not deciding) that the petition would have set out a cause of action if it had alleged that the estate of the deceased administratrix was unrepresented, yet, because of the absence of that vital allegation, it did not appear to the court that the plaintiff had the right to maintain his action against the surety alone, the defect in the petition was matter and not form, and the demurrer interposed should be construed as a general demurrer; and the error in overruling it rendered the further proceedings in the case nugatory. Moreover, even if it be conceded that the demurrer was special and that its overruling was harmless error, as contended by movant, another hearing of the case is required for the following reason: After the overruling of the demurrer the defendant offered an amendment to its plea, which raised the same question presented by the demurrer, and the amendment was disallowed, and to that judgment exceptions were taken. Under the pleadings in the instant case the defendant had the undoubted right to amend its original plea and to set up as a defense that the estate of the deceased administratrix was represented and that no judgment had been rendered establishing a devastavit by the administratrix or fixing her liability. Those facts were affirmatively alleged in the proffered amendment, and the court erred in disallowing the amendment, and that error rendered the further proceedings in the case nugatory.

*Rehearing denied. MacIntyre and Guerry, JJ., concur.*