27903. LONG *v.* GORDON, administrator.

SUTTON, J. 1. "In the absence of a judgment fixing the liability of the administrator, or a devastavit by him, the sureties on his bond can not be sued in the first instance, without joining the administrator, unless the latter is beyond the jurisdiction of this State, or is dead and his estate unrepresented, or is in such position that an attachment may be issued against him. *Weaver* v. *Tuten,* 138 *Ga.* 101, 103 (74 S. E. 835)." *Hunter* v. *Burson,* 168 *Ga.* 59 (3) (147 S. E. 53)·; *Maryland Casualty Co.* v. *Arnold,* 51 *Ga. App.* 562 (180 S. E. 906) ; Code, §§ 113-1219, 113-2103.

2. Applying the above principle of law to the facts of the present case, where an administrator de bonis non, without having first obtained a judgment against the former administratrix of the intestate, brought suit against the surety on the bond of such administratrix to recover for respective devastavits set forth in two counts of the petition, alleging that the former administratrix "died intestate a year or two ago, and there is no administration on her estate," and the defendant did not admit the allegation as to her estate being unrepresented, answering only that "defendant admits that Susie Arnold [the former administratrix] is dead, but the remaining allegations of said paragraph are neither admitted nor denied for want of sufficient information, and they are therefore denied," it was necessary to recovery that the plaintiff show that the estate of the former administratrix was unrepresented; and where there was no evidence whatever on that issue, the suit was not maintainable. The court erred in directing the verdict for the plaintiff, and in overruling the defendant's motion for new trial.

3. The court did not err in restricting the admission in evidence of the deceased administratrix's application for letters of dismission, citation, etc., to proof of the fact that she had filed such application, and not as evidence of the facts set up in the answer as a defense to the suit.

4. The court did not err in excluding the testimony of the defendant to the effect that heirs at law of the intestate had made no complaint of the manner in which the estate had been administered, and had not made any money demands upon the defendant, as surety, because of any alleged maladministration of the estate.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED JANUARY 31, 1940.

*Rupert A. Brown,* for plaintiff in error.
*Erwin & Nix, R. Howard Gordon,* contra.