30034. AMERICAN SURETY COMPANY *v.* JEFFRIES, ordinary, for use.

DECIDED NOVEMBER 11, 1943. ADHERED TO ON REHEARING DECEMBER 20, 1943.

412

414

*Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*J. D. Stewart, J. Wightman Bowden, Edgar Watkins,* contra.

GARDNER, J. ■ The point is made that the suit is improperly brought in the name of the ordinary for the use of Mrs. Scarborough. Plaintiff in error takes the position that if any right of action exists, it is in the executors named in the will, or in an administrator cum testamento annexo. *Webster* v. *Thompson, 55 Ga.* 432, 435, is cited in support of this contention. That case, however, is readily distinguishable from the case at bar. The bond there sued on was that of a temporary administrator, and as pointed out in the opinion, the office of a temporary administrator is to collect, preserve, and deliver to the permanent administrator. "His bond binds him to this, and perhaps his oath does too." The bond sued on in the case at bar is that of a permanent administrator. Such administrator shall disburse the assets of the estate as the law requires. Code, § 113-1215. And "such bond [as is required] shall be payable to the ordinary for the benefit of all concerned." § 113-1217. Among other cases, *Rudolph* v. *Underwood, 88 Ga.* 664 (16 S. E. 55), is a precedent for the bringing of the suit in the manner followed in the instant case. The Code, § 81-1307,

is authority for the procedure followed. The bond was given to the ordinary for the benefit of all concerned or "as are entitled to the same by law." Certainly Mrs. Scarborough would fall within that class, under the allegations of the petition. It is well settled that the distributee may bring a suit on the bond of the administrator in the first instance without a suit against the administrator in his representative capacity. *Mathis* v. *Fordham,* 114 *Ga.* 364 (40 S. E. 324); *Long* v. *Gordon,* 61 *Ga. App.* 608 (7 S. E. 2d, 43), and cit. We accordingly hold that the suit, under the allegations of the petition, was properly brought by the ordinary for the use of the distributee.

■ The plaintiff in error urges that the fraud charged in the petition constituted a personal tort by the administrator committed prior to appointment. This, however, is not the gist of the action. The petition alleges that the administrator, with knowledge of the plaintiff's claim, negligently and wantonly, wilfully, recklessly, and in bad faith, distributed the greater part of the estate (including the plaintiff's share therein) to himself and others in disregard of the plaintiff's rights. We construe this to charge devastavit on the part of the administrator while acting as such, and for which his bond would be liable. It is earnestly argued by able and diligent counsel for the plaintiff in error, and with much persuasiveness, that the conditions of the bond required the surety to stand sponsor only for the administration of the estate in accordance with the law of descent and distribution. This argument tends to by-pass the allegations of fraud. The petition alleged that the distributions were made to the administrator and others in bad faith, with knowledge that Mrs. Scarborough was named as a beneficiary under the will. Assuming this to be true, it would seem to be immaterial whether the administrator acquired the knowledge before or after his appointment. The bond required the defendant to "well and truly administer, according to law, and . . deliver and pay to such persons respectively as are entitled to the same by law." The conditions of the bond, as will be observed, are not restricted to an administration in accordance with the rules of inheritance, but according to law. It certainly would seem that for an administrator with full knowledge of a valid will to pay out the assets of an estate to those entitled to it under the rules of inheritance in disregard of the rights of a minor beneficiary under a will of the deceased

would not be "according to law," but would be a breach of the administrator's bond.  We are not here dealing with the question of payments by an administrator according to the rules of inheritance before he has knowledge of the existence of a will.  So far as we have been able to find, that is an open question in Georgia, there being no statute on the question as in many (if not most) other states.  In *Walden* v. *Mahnks,* 178 *Ga.* 825 (174 S. E. 538, 95 A. L. R. 1101), the Supreme Court touched on the question, but did not decide it.  As was said by that court in *Awtrey* v. *Campbell,* 118 *Ga.* 464, 467 (45 S. E. 301) : "He [the administrator] obligates himself to administer the property of the estate according to law; and if he fails in this obligation, he is liable to the ordinary, for the benefit of those interested, for whatever damages they may have sustained by his failure to comply with this obligation.  The allegations of the petition are certainly sufficient, as against a general demurrer, to show that the defendant has not administered the estate according to law, and that he is liable in some amount on account of his conduct which is set forth in the petition."  The petition was good as against the general demurrer.

*Judgment affirmed.    Broyles, C. J., and MacIntyre, J., concur.*

### ON REHEARING.

It is earnestly argued that the effect of the opinion in this case is to sanction a collateral attack on a judgment of the court of ordinary appointing an administrator.  As authority for this contention it is claimed that this court overlooked the principle applied under the facts in the cases of *Smith* v. *Scarborough,* 182 *Ga.* 157 (185 S. E. 105); *Scarborough* v. *Smith,* 183 *Ga.* 386 (188 S. E. 526); and *Scarborough* v. *Long,* 186 *Ga.* 412 (197 S. E. 796).  We can not follow this reasoning.  In those cases the Supreme Court simply held that where the proceedings to appoint an administrator by the court of ordinary showed on their face jurisdictional authority to appoint, and the appointment was made, and thereafter application by such administrator for order to sell real property was granted, and sale was had in compliance with all the statutes relative thereto, such proceedings with reference to such sale could not be collaterally attacked.  Such is not the question here.  Here, instead of making an attack on the judgment of the court of ordinary appointing the administrator, the action is based on that judgment.  The suit here is against the surety on a statutory bond given in

pursuance of the judgment appointing the administrator. The proceedings do not in any sense constitute an attack on the judgment of the court of ordinary. The suit is based on the failure of the administrator to comply with the judgment appointing· him administrator. It is true that it is not against him individually, but it is against his surety who stood sponsor for him as administrator to perform his duties in good faith and according to law. One of his duties was to account to the distributees under a will, if there were one. There was a will, which was duly probated before this suit was brought. When the will was probated, the judgment of the court of ordinary appointing him as administrator was revoked, and he was then to account to the distributees under the will (*Thomas* v. *Morrisett,* 76 *Ga.* 394), "except as to such portions of the estate as had been fully administered prior to its production and probate." To make distribution as administrator to an heir at law without a judgment of a court of competent jurisdiction is not "to fully administer" the distribution of the estate, under the facts of this case. In fact, no distribution of the assets of an estate without a judgment of a court of competent jurisdiction, is conclusive proof of its legality. At best, it is only prima facie proof of a correct disbursement. *McKee* v. *McKee,* 48 *Ga.* 332 (2) ; *Ellis* v. *McWilliams,* 70 *Ga. App.* 195 (27 S. E. 2d, 886).

An illegal distribution by an administrator, even on proper annual returns which have been allowed, serves only to shift the burden to the objector of proving that the same was not a legal distribution. Under the allegations of a petition which, as here, alleges that the distributions were made fraudulently, and with the knowledge that there was a will concerning which the administrators concealed evidence to prevent its being probated, and in which they were named executors and distributees, it does not seem that under the law they could escape liability for themselves, or their surety, by distributing the funds to themselves under the rule of descent and distribution in order that they might receive more than they would receive as distributees under the will. If there be no duty on a person named as executor under a will to use diligence in probating the will, as contended, certainly. the law would restrain him, and hold his surety liable for distributing the funds. of the estate as administrator, with the knowledge of such valid will, otherwise than as the will provides. To give the statute the con-

struction of an honest intent and purpose, we can not conceive of a situation otherwise than that.the petition sets out a cause of action as against a general demurrer.

*Judgment adhered to.   Broyles, C. J., and MacIntyre, J., concur.*