## A07A1879. SAMDA INVESTMENT GROUP, LLC et al.
## v. WESTERN SURETY COMPANY.
### (651 SE2d 152)

BLACKBURN, Presiding Judge.

In this civil action to recover under an indemnity agreement, defendants Hamid Jahangard and his company (Samda Investment Group, LLC ("Samda LLC"))[1] appeal the trial court's grant of summary judgment against Jahangard and in favor of Western Surety Company on the question of Jahangard's liability for monies Western Surety paid under a bond to a county water system for a year-old bill for water provided to an apartment complex operated by Jahangard. Jahangard and Samda LLC also appeal the trial court's denial of summary judgment in Jahangard's favor. Because the undisputed facts show that Jahangard was estopped from denying the validity of the bond and that Jahangard indemnified Western Surety for payments made under the bond, we affirm.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

So viewed, the evidence shows that Samda Investment Group, Inc. ("Samda Inc.") owned an apartment complex, for which the local public water company required that a bond be issued to guarantee payment of the water bills for the complex. Samda Inc. and Jahangard executed an indemnity agreement, in which they requested Western Surety to become surety for the bond and in which they indemnified Western Surety for any liability sustained by Western Surety as surety under the bond. In response, Western Surety some weeks later executed a bond in favor of the water company, guaranteeing Samda Inc.'s payment of the water bills. Although the bond anticipated that Samda Inc. would execute the bond as principal (and thereby reaffirm its primary liability for the water bills), that signature was never obtained.

Samda Inc. later sold the apartment complex to Samda LLC. A water bill remained outstanding, which Samda Inc. solicited the water company to reduce for water leakage. When this matter was not resolved a year later, Western Surety paid the bill as surety under

---

[1] Samda LLC's role in this appeal appears to be moot, since the trial court granted summary judgment to Samda LLC in all respects, which order Western Surety has not cross-appealed.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

the bond agreement and filed the present action against Jahangard, Jahangard's wife, and Samda LLC, seeking indemnification for the monies paid. Arguing that the indemnity agreement was plain, Western Surety moved for summary judgment against Samda LLC and Jahangard on the issue of liability. Samda LLC and Jahangard moved for summary judgment in their favor on various grounds, including that Samda Inc. (not Samda LLC) was the proper defendant.[3]

Based on Western Surety's admission that it had named the wrong party, the trial court granted Samda LLC summary judgment and denied Western Surety's motion for summary judgment against Samda LLC. But the court granted Western Surety's motion for summary judgment against Jahangard (and denied Jahangard's corresponding motion for summary judgment), finding that under the plain terms of the indemnity agreement, liability was established. This appeal followed.

1. Jahangard first argues that he was not liable under the indemnity agreement because the principal (Samda Inc.) never executed the bond. Specifically, he argues that he only indemnified Western Surety for monies it was liable to pay under the bond; because Samda Inc. as principal never executed the bond, the bond was invalid, and therefore any payments Western Surety made were voluntary and not covered by the indemnity agreement.

The question, therefore, is whether Samda Inc.'s failure as principal to execute the bond invalidated the bond and released Western Surety from liability thereunder. In *United States Fidelity & Guaranty Co. v. McCurdy*,[4] we reviewed the conflicting authorities on the issue and concluded that the better view is that where a public bond "is made, delivered, accepted and acted upon as an official bond, the same being a joint and several obligation under its terms and provisions, it is binding on both principal and surety though not signed by the principal. See *Adams v. Williams*.[5]" Some years later in *Rust v. Producers Co-operative Exchange*,[6] in which the principal once again failed to execute a bond that was signed and later honored by the surety, we expounded on this concept, explaining that "[t]he bond was made at the instance of the principal with the evident intention of binding itself, and was acted upon by it, and was signed by a surety at its instance. *The principal is therefore estopped to deny its validity*." (Emphasis supplied.) We then cited to *McCurdy* as an

---

[3] Jahangard's wife was not involved in any of the motions.

[4] *United States Fidelity & Guaranty Co. v. McCurdy*, 51 Ga. App. 507, 511 (180 SE 902) (1935).

[5] *Adams v. Williams*, 52 So. 865, 867-868 (Miss. 1910).

[6] *Rust v. Producers Co-operative Exchange*, 81 Ga. App. 260, 262 (1) (58 SE2d 435) (1950).

example of this and concluded "that the doctrine of estoppel applies against the principal on private as well as public bonds when such principals have acted upon and received benefits under such bonds." Id. at 263. See *Hatton v. Brown*[7] (after receiving full benefit of the bond, principal is estopped from denying its validity, even though bond was unsigned by principal).

Here, it is undisputed that Jahangard solicited Western Surety to issue the bond and that upon the issuance of the bond, Jahangard and his wholly-owned company Samda Inc. received the benefits of the bond through the provision of water to the apartment complex owned by Samda Inc. and operated by Jahangard. Accordingly, Jahangard is estopped from asserting the lack of Samda Inc.'s signature as principal to the bond as a ground to invalidate the bond.

Moreover, the liability of the principal Samda Inc. for the water bills was not contingent on its execution of the bond instrument; this liability was established by its open account with the water company. Thus, Samda Inc.'s execution of the bond instrument, reiterating this liability, was superfluous in any case. See *Brown v. Melloon*;[8] *Deer Lodge County v. United States Fidelity & Guaranty Co. of Baltimore*.[9]

For these reasons, the trial court correctly held that the failure of Samda Inc. to execute the bond did not invalidate the bond nor release Jahangard from his liability under the indemnity agreement.

2. Jahangard then argues that a material issue of fact remained as to whether he actually signed the indemnity agreement. The record belies this contention. During his deposition, Jahangard twice admitted to signing the indemnity agreement ("[W]hen I was signing it, it was part of a bunch of papers that was signed. . . . There wasn't any thought to my head to sign it, except the government requires some forms to sign, and I signed it."). When his own attorney later questioned him, Jahangard reaffirmed signing the indemnity agreement; his attorney pressed the matter, asking "[A]re you sure that this is your signature, these signatures?" Jahangard answered, "If you give me the original, I'd be able to tell you better." Thus, after testifying that he signed the indemnity agreement, Jahangard never recanted or contradicted this testimony,[10] stating only that he wanted to see the original document to be sure. This gave rise to no issue of fact as to his signing the document.

---

[7] *Hatton v. Brown*, 1 Ga. App. 747, 750 (57 SE 1044) (1907).

[8] *Brown v. Melloon*, 152 NW 75, 77 (Iowa 1915).

[9] *Deer Lodge County v. United States Fidelity & Guaranty Co. of Baltimore*, 112 P. 1060, 1063 (1) (Mont. 1910).

[10] Absent a contradiction, we need not discuss the rule established in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

3. Jahangard then makes a series of additional arguments to escape liability, none of which has merit. He notes that the execution date of the bond is some weeks after the execution of the indemnity agreement; this, however, makes perfect sense since the indemnity agreement was requesting Western Surety to issue the bond. He complains that the signature lines of the indemnity agreement anticipated more signatures by additional guarantors; this, however, does not impact the fact that he signed the indemnity and obligated himself to its provisions. He contends that he was not given the opportunity to negotiate down the amount of the water bill; beyond the irrelevancy of this assertion, his own testimony and the argument of his counsel at the summary judgment hearing belie the accuracy of this assertion. Finally, Jahangard argues that Samda Inc. was an indispensable party to this action against him as guarantor of Samda Inc.'s debts. As a joint obligor on the indemnity agreement, Jahangard could be sued alone without naming Samda Inc. as a party. See *Hunter v. Burson.*[11]

For these reasons, the trial court did not err in granting Western Surety summary judgment as to Jahangard's liability on the indemnity agreement.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED AUGUST 10, 2007.

*David C. Farshy*, for appellants.
*John B. Lyle*, for appellee.

---

[11] *Hunter v. Burson*, 168 Ga. 59, 63 (147 SE 53) (1929).