## BURNSIDE v. DONNON.

1. ADMINISTRATOR—DISAVOWAL OF TRUST.—An administratrix being the trustee of an express and continuing trust, the statute of limitations has no application to claims against her and the sureties on her bond until she has done some act of which the parties in interest are chargeable with notice, evidencing a purpose to throw off the trust. A decree of the Probate Court, ascertaining the balance in the hands

of the administratrix, so far from being a disavowal of her trust, operates as an admission by her that the trust has not been discharged.

2. ADMINISTRATION BOND—PRESUMPTION.—Even if an administration bond should be presumed discharged in 20 years, such presumption may be rebutted, and as to a surety on the bond is rebutted by showing that within the 20 years, such surety was himself sued to judgment by the administratrix on an asset of the estate, and that this judgment was afterwards paid by him.

Before IZLAR, J., Laurens, March, 1890.

Action by A. W. Burnside, judge of probate, against J. M. Donnon and John W. Clark, commenced December 31, 1886. The opinion states the case.

*Mr. B. W. Ball*, for appellant.

*Mr. H. Y. Simpson*, contra.

August 11, 1891.   The opinion of the court was delivered by
MR. JUSTICE McIVER.   .The action was brought by plaintiff to recover from defendants as sureties on the administration bond of Sophia M. Langston, as administratrix of John Langston, deceased, the balance found to be due by the administratrix upon an accounting had for that purpose in the Court of Probate.   It appears that the administration bond was given on the 31st of August, 1863; that the accounting above referred to was had on the 6th of April, 1880, when all the creditors of John Langston were called in, amongst whom was the defendant, Jas. M. Donnon, and who established claims against the intestate.   In the balance then found due by the administratrix was included the amount of a judgment which she had previously recovered, viz., on the 2nd of October, 1876, against the said Jas. M. Donnon and his wife for a debt due her intestate's estate.   The administratrix having refused to enforce this judgment (which was against her son-in-law and daughter), the judge of probate was directed by the court to institute proper proceedings to revive the judgment and enforce its collection.   The defence made by said Jas. M. Donnon was payment, which being found against him by the jury, the judgment was revived and the amount thereof was col-

lected by the judge of probate subsequent to the commencement of this action and applied to the balance found due by the administratrix, which still left a balance due by her, for which judgment was rendered in this action, which was commenced 31st December, 1886. From this judgment the defendant, Jas. M. Donnon, alone appeals (the other defendant, Clark, having made default) upon the several grounds set out in the record. The appeal raises but two questions—first, whether the action is barred by the statute of limitations. Second. Whether the claim of the plaintiff is to be presumed paid by lapse of time.

As to the first question it seems to us clear that the plea of the statute cannot be sustained. In this case the administratrix was trustee of an express and continuing trust, and the sureties upon her bond had bound themselves to make good any loss which might result from her failure to perform her duties as such trustee. In such a case the statute of limitations has no application, unless the trustee has done some act evidencing a purpose to throw off the trust, which would give currency to the statute from the time when such act was done, provided the *cestui que trust* has actual or presumptive notice of such act. In this case the only thing relied upon as throwing off the trust is the decree made against the administratrix by the judge of probate on the 6th of April, 1880. As was well said by the master in his report, this, so far from showing or purporting to show that the trust was terminated, shows just the contrary. It was an admission, implied at least, from the acquiescence of the administratrix in that decree (for it does not appear that she appealed from it), that she still had in her hands a trust fund to the amount of such decree, for which she was still liable as trustee to pay over to the parties entitled, according to the terms of her bond. The remarks made by his honor, Judge Fraser, in delivering the opinion of this court in *Langston* v. *Shands* (23 S. C., at page 153), are directly applicable to and conclusive of this case; for although those remarks were applied to a guardianship bond, yet, so far as this question is concerned, there is no difference between such a bond and an administration bond. The difference between this case and that of *State* v. *Lake*

(30 S. C., 43), cited by appellant's counsel, is clearly pointed out by the late Chief Justice at page 52.

As to the second question, it seems to us that there is as little doubt. Even if it be assumed that the fact that more than twenty years had elapsed after the execution of the administration bond before the commencement of this action, would raise a presumption that all the conditions of the bond had been fully complied with (which, however, we do not propose to decide in this case), yet such a presumption may be rebutted, and we think would be fully overcome by the facts and circumstances developed in this case. It would seem that at least one of the reasons of the delay in settling up the estate of the intestate was the refusal of the appellant to pay a debt due by him to the estate, even after it had been reduced to judgment by the administratrix; but when his liability to pay such debt was judicially ascertained, it was then practically determined that he had had all the time in his hands a part of the assets of the intestate's estate, which it was the duty of the administratrix to have collected and administered, a duty the performance of which he had guaranteed when he signed the administration bond. This, to say nothing of any other fact or circumstance, would be amply sufficient to rebut the presumption arising from lapse of time, relied on by appellant; for if he had all the time a portion of the assets belonging to intestate's estate in his hands, which he neglected or refused to pay over to the administratrix, it was manifestly impossible for her to have complied with the condition of the bond, and hence any presumption arising from lapse of time that she had done so is effectually overcome.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.