### BEATTY v. NATIONAL SURETY CO.

#### (128 S. E., 40)

1. JUDGMENT—PLEADING—FORMER ADJUDICATION SHOULD HAVE BEEN
PLEADED IN ANSWER AND NOT SPECIAL PLEA; CONTENTIONS AS TO
MATTERS APPARENT ON FACE OF PLEADING SHOULD BE INTERPOSED BY
DEMURRER.—Adjudication of rights in another action constitutes de-
fense of estoppel by record, and should be pleaded by answer and
not special plea in bar, and contentions relating to matters apparent
on face of complaint should be interposed by demurrer rather than
by such special plea.

2. JUDGMENT—JUDGMENT ON DEMURRER FOR WANT OF AFFIRMATIVE
SHOWING IN COMPLAINT HELD NOT ADJUDICATION OF PLAINTIFF'S
RIGHTS BARRING SUBSEQUENT ACTION.—Judgment sustaining de-
murrer in distributee's action against surety on administrator's bond
and other distributees on ground that it did not affirmatively ap-
pear on face of complaint that administrator had ever been brought
to an accounting or that a devastavit had been established against
him or condition of his bond broken *held* not an adjudication, bar-
ring subsequent action against administrator's surety.

3. COURTS—PROBATE COURT HAS NO JUDICIAL POWER EXCEPT SUCH AS
IS CONFERRED BY GENERAL ASSEMBLY.—Under Constitution of 1895,
Probate Court has no judicial power except such as is conferred
by General Assembly.

4. COURTS—PROBATE COURT HAS NOT EXCLUSIVE JURISDICTION OF MAT-
TERS TESTAMENTARY AND ADMINISTRATIVE.—Under Code Civ. Proc.,
1922, § 166, Probate Court has not exclusive jurisdiction, excluding
judicial inquiry by Court of Common Pleas into matters testamen-
tary or of administration, when subject matter of such inquiry is not
already *res judicata* by virtue of judgment of Court of Probate.

5. COURTS—COURT OF COMMON PLEAS WILL DECLINE TO ENTERTAIN
JURISDICTION OF MATTER EMBRACED IN ACTION ALREADY PENDING IN
PROBATE COURT.—If, at time of commencement of action in Court
of Common Pleas, there is an action or proceeding pending in Court
of Probate properly embracing same matter, Court of Common
Pleas will decline to entertain jurisdiction.

6. EXECUTORS AND ADMINISTRATORS—JUDGMENT IN COURT OF PROBATE
ESTABLISHING DEVASTAVIT OR BREACH OF BOND NOT PREREQUISITE TO
ACTION FOR BREACH.—Under Constitution of 1895, Code Civ. Proc.,
1922, § 166, judgment of Court of Probate establishing a devastavit
or breach of bond is not prerequisite to action in Court of Common
Pleas against surety on administrator's bond, despite form of bond
prescribed by .Section 5388.

7. EXECUTORS AND ADMINISTRATORS—COMPLAINT HELD TO SHOW BREACH OF ADMINISTRATOR'S BOND.—Complaint, alleging that administrator's final account had showed balance for distribution which had been distributed among persons claimed by administrator to be heirs at law of deceased, that on such final accounting administrator had been discharged, that plaintiff was heir at law and received no portion of amount distributed, *held* to establish breach of administrator's bond, conditioned that he would deliver and pay balance in his hands unto such persons as were entitled thereto by law.

8. EXECUTORS AND ADMINISTRATORS—ACTION FOR DAMAGES FOR BREACH OF ADMINISTRATOR'S BOND MAY BE PROSECUTED IN COUNTY OTHER THAN THAT WHERE ESTATE ADMINISTERED.—Action against surety on administrator's bond for damages for breach of bond may be prosecuted in county other than that where estate was administered, notwithstanding Code Civ. Proc., 1922, §§ 169 and 179.

9. EXECUTORS AND ADMINISTRATORS—ACTION FOR BREACH OF ADMINISTRATOR'S BOND HELD NOT COLLATERAL ATTACK ON JUDGMENT OF PROBATE COURT TO WHICH PLAINTIFF NOT A PARTY.—Distributee's action against surety on administrator's bond for damages for breach of bond *held* not collateral impeachment of judgment of Probate Court granting administrator final discharge, where plaintiff was not party to proceeding in Probate Court.

10. LIMITATION OF ACTIONS—ACTION FOR BREACH OF ADMINISTRATOR'S BOND LIES WITHIN TWENTY YEARS AFTER BREACH.—Under Code Civ. Proc., 1922, § 330, Subd. 2, action for damages for breach of administrator's bond may be maintained against the surety any time within twenty years after breach, though bond is more than twenty years old, notwithstanding Section 342.

Before MEMMINGER and FEATHERSTONE, J. J., Williamsburg, Fall Term, 1923 and April, 1924. Affirmed.

Action by R. O. Beatty against the National Surety Company. Judgment for plaintiff and defendant appeals.

*Mr. J. D. Gilland,* for appellant, cites: *Res judicata:* 71 S. E., 1009; 118 S. E., 26; 122 S. E., 498; 123 S. E., 767. *Contesting jurisdiction of Probate Court:* Code Civ. Proc., 1922, Sec. 179; 107 S. E., 909. *Action against surety on administrator's bond:* 3 Brev., 530; 2 DeS., 602; 1 N. & McC., 587; 2 N. & McC., 213; 3 McC., 225; 3 McC., 509; 3 McC., 412; 4 McC., 112; 3 McC., 237; Harp., 31; 1 Bail., 25; 1 Bail., 130; 1 Bail., 203; 1 Bail., 548; 11 Rich., 543; 4 Rich., 271; 28; S. C., 188; 5 S. E., 480; 2

Cranch., 444; 146 Cal., 724; 103 Ga., 741; 30 S. E., 573; 62 Kan., 137; 67 Kan., 294; 16 Mass., 524; 22 Mass., 61; 28 Mass., 496; 79 N. Y. S., 338; 77 App. Div., 391; 20 R. I., 592; 23 R. I., 515; 25 Utah 248; 1 Hen. & M. (Va.), 53; 1 Hen. & M. (Va.), 10; 23 How., 90; 16 L. Ed., 419. *Statue of Limitations:* Code Civ. Proc., 1922, Sec. 342.

*Messrs. D. E. Ellerbe* and *P. H. Arrowsmith,* for respondents, cite: *Devastavit:* 14 Cyc., 282; Bouvier's Law Dictionary. *Action against surety on administrator's bond:* 28 S. C., 583; 115 S. C., 469.

May 7, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action by an heir at law and distributee against the surety upon an administration bond.

The pertinent facts are as follows: J. C. Carsten died intestate in Florence County in 1902, leaving as his only heirs at law and distributees his father, C. G. Carsten, three brothers, C. C. Cartsen, E. H. Carsten, and Robert Carsten, and the plaintiff herein, the only child of a predeceased sister. At this time plaintiff was about 5 years old. On January 9, 1903, C. G. Carsten, the father of the intestate, was appointed administrator by the Probate Court of Florence County. The administration bond in the usual form was executed by C. G. Carsten as principal and the defendant as surety. The administrator filed his final account, pursuant to published notice, February 17, 1904, showing that he had collected the assets of the estate, paid all debts, and had in hand for distribution among the heirs at law the sum of $8,491.62. The account recites that these heirs are C. G. Carsten, the administrator, Robert Carsten, C. C. Carsten, and E. H. Carsten, and with the account are filed the receipts of the four persons named, acknowledging the receipt by each, as his distributive share of the intestate's estate, of one-fourth of the balance for distribution as shown by the

administrator's final account. Letters dismissory, finally discharging the administrator from liability, were granted under date of February 17, 1904.

This action was commenced in Williamsburg County, October 23, 1923. The defendant interposed a special "plea in bar" for the purpose of challenging the jurisdiction of the Court. The special plea was overruled by Judge Memminger on December 14, 1923. The defendant then served notice that before answering or contesting on the merits it intended to rely upon the objections previously interposed to the jurisdiction of the Court. The defendant then answered. A demurrer was also interposed upon the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that the Court was without jurisdiction. The cause coming on for trial before his Honor, Judge Featherstone, and a jury, the demurrer was overruled, and a paragraph of the answer was stricken out on plaintiff's motion. The defendant having offered no evidence, upon the evidence adduced by plaintiff the presiding Judge directed a verdict for the plaintiff. From the judgment on verdict the defendant appeals.

There are two sets of exceptions; one imputing error to Judge Memminger in overruling the defendant's special "plea in bar," and the other assigning error in the rulings of Judge Featherstone in failing to sustain defendant's demurrer to the complaint and in directing a verdict for the plaintiff. The pleas sought to be interposed by the "special plea in bar" should have been pleaded either by answer or demurrer. The facts alleged in the special plea as to an adjudication of the rights of the parties in another action between the same parties, involving the same subject-matter, etc., constituted the defense of an estoppel by record, which should have been pleaded by answer. The other contentions advanced in the special plea related to matters appearing upon the face of the complaint and should have been interposed by demurrer. While no question is raised

as to the form or validity of this pleading, so much perhaps should be said to prevent any misconception as to either the necessity· or the propriety of the special plea in bar under our practice.

For the purposes of this opinion it will be assumed that the questions sought to be raised by both sets of exceptions are properly before us. Since the majority of those questions are duplicated in the two sets of exceptions, in the following discussion the distinct contentions made will be considered without specific reference to the exceptions:

The first proposition advanced is that the judgment of the Court in a former action brought by this plaintiff against the defendant and other parties in Florence County was "a full and complete bar and estoppel to plaintiff's alleged cause of action." In the former action a demurrer to the complaint was sustained by his Honor, Judge Shipp. That action appears to have been brought by the plaintiff against the heirs at law of J. C. Carsten, deceased, and the National Surety Company, as surety, upon the administration bond of C. G. Carsten, the deceased administrator of J. C. Carsten's estate, jointly. In his order Judge Shipp construes the complaint in that action to state, or attempt to state, three causes of action, viz.: (1) "A cause of action for an accounting against the administrator; (2) a cause of action to recover real property and damages; and (3) to recover damages for breach of the administrator's bond." The demurrer to the complaint was sustained upon the three grounds: (1) That it did not appear affirmatively upon the face of the complaint that the administrator had ever been brought to an accounting or that a devastavit had ever been established against him, or that the condition of the administrator's bond had been broken; (2) that there was a defect of parties defendant, in that it appeared upon the face of the complaint that the National Surety Company was neither a necessary nor a proper party defendant; and (3) that there was a misjoinder of causes

of action.    The demurrer was sustained upon all the grounds assigned.    The contention of appellant is that the order of Judge Shipp sustaining the demurrer upon the first of the foregoing grounds was such an adjudication, in a former action between the same parties, involving the same subject-matter, and seeking the same relief as constitutes a bar to the present action.    If the demurrer sustained by Judge Shipp had been based on the ground that the complaint showed affirmatively that the plaintiff was not entitled to recover against the defendant on account of breach of the administration bond, then appellant's position would have been well taken.    *Hodge v. A. C. L. Lumber Corporation,* 90 S. C., 229; 71 S. E., 1009.    But the ground upon which the demurrer was sustained was the omission of material allegations from the complaint and not the affirmation therein of facts which precluded a recovery by the plaintiff. Hence the judgment on demurrer in the first action does not bar a second action in which the necessary allegations are supplied.    *Duke v. Tel. Co.,* 71 S. C., 101; 50 S. E., 675. Whether the necessary allegations are supplied in this action will be considered in passing upon appellant's next contention.

     The second proposition which will be considered presents the pivotal question raised by the appeal—whether the demurrer to the complaint in this action should have been sustained upon the ground that the complaint does not sufficiently allege "that the administrator had been brought to an accounting, or that a devastavit had been established against him by the judgment of the Probate Court or the Court of Equity, nor that the condition of the administrator's bond had been broken."    Appellant's position in this aspect of the case is based upon the rule, recognized and applied by this Court in a long line of decisions, that an action upon the administration bond against the surety does not lie until after the liability of the principal for a breach of the bond has been established by the judgment of the

Probate Court, or by a decree of the Court of Equity. The rule is thus stated (O'Neale, J.) in *Ross v. Pettus,* 11 Rich., 543:

"No action can be maintained on the administration bond in favor of distributees until a decree be rendered in their favor, either by the ordinary, or the Court of Equity."

In further support of the proposition that "no one can proceed against the sureties on an administration bond, at law, who has not recovered a judgment against the administrator," appellant cites the following decisions: *Lining v. Giles,* 3 Brev., 530. *Bague v. Blacklock,* 2 Desaus, 602. *Ordinary v. Gibson,* 1 Nott. & McC., 587. *Simkins v. Powers,* 2 Nott. & McC., 213. *Lyles v. Caldwell,* 3 McCord, 225. *Harrington v. Cole,* 3 McCord, 509. *Jones v. Anderson,* 4 McCord, 113. *Shelton v. Cureton,* 3 McCord, 412. *Anderson v. Maddox,* 3 McCord, 237. *Lyles v. Brown,* Harp., 31. *Lyles v. Robinson,* 1 Bailey, 25. *Chambers v. Patton,* 1 Bailey, 130. *Mitchell v. Connelly,* 1 Bailey, 203. *Ross v. Chambers,* 1 Bailey, 548. *Ross v. Pettus,* 11 Rich., 543. *Ordinary v. Mortimer,* 4 Rich., 271.

It will be noted that all of the foregoing cases were decided prior to the adoption of the Constitution of 1868 and of the present Code of Civil Procedure. An examination of those decisions will disclose that the rule as there announced and applied arose out of and was grounded upon the common-law distinction which then obtained in this State between Courts of law and Courts of Equity. The Court of ordinary, as a special tribunal, constituted for the purpose of taking "cognizance of all matters relative to the affairs of the estate" of a decedent (*Simkins v. Powers,* 2 Nott. & McC., 213), exercised the powers of a Court of Equity within the scope of its limited jurisdiction. Such rights of persons interested in the settlement of estates as could not be enforced, or as were not exclusively enforceable, in the Court of ordinary had to be enforced by the Court of Equity. Thus, as to the right to require an ac-

counting by an executor or administrator, Judge Nott, in *Chambers v. Patton,* 1 Bailey, 130, said:

"A party interested in the estate has his option to go into the Court of Equity, or to the ordinary. * * * An *ex parte* settlement with the ordinary by an administrator is not conclusive on the parties interested in the estate: They may notwithstanding call him to an account in a Court of Equity; and the decree will be no bar. It must, however, be conclusive in a Court of law; for as the Court cannot inquire into the accounts, the party can only recover what has been ascertained by the ordinary to be due."

In *Lyles v. McClure,* 1 Bailey, 7; 19 Am. Dec., 648 (Johnson, J.), it is said:

"The Courts of law have invariably refused to entertain actions on administration bonds, until the state of the accounts is ascertained by a decree of the Court of ordinary; and the reason on which the rule proceeds, is, that from the organization of the Courts of law, and the established mode of proceeding, which excludes the evidence of the parties, they are incompetent to investigate such matters of account."

In *Wiley v. Johnsey,* 6 Rich., 355, the Court said:

"The foundation of actions against admistrators and their sureties, in this Court, is the bond of the administrator, and not a decree of the ordinary. Persons sustaining injury by a breach of the bond are allowed to submit the condition to a jury, and recover such damages as the evidence may warrant. * * * A Court of law will not assume to determine an issue in which the settlement of accounts is involved; but will leave with the ordinary his appropriate duty of adjusting the administrator's accounts and making a decree which will exhibit the condition of the estate."

The foregoing excerpts from the older decisions are sufficient to indicate the entirely logical basis which existed for the rule requiring a judgment of the Court of ordinary, or

a decree of the Court of Equity, as a condition precedent to the maintenance of an action upon an administration bond, so long as legal and equitable rights and remedies were cognizable and enforceable by separate and distinct tribunals in this State. Under those conditions, since the action upon the bond was an action at law, predicated upon a breach of the bond, and since the fact of the breach could only be judicially ascertained by an inquiry in a tribunal other than the Court of law, the rule requiring a judicial determination in such separate forum as the basis for the assignment of the breach of the bond in the Court of law, was a necessary and logical sequence.

But the jurisdiction of the Courts of Equity was by the Constitution of 1868 vested in the Court of Common Pleas (Article 4, § 16). *Jordan v. Mosses,* 10 S. C., 431. and shortly thereafter (1870) the adoption of the Code of Civil Procedure "substituted a totally different system of pleading," abolishing "the distinction between actions at law and proceedings in Equity," and thereby enabled a defendant to "plead equitable as well as legal defenses to the same action." *Lowry v. Jackson,* 27 S. C., 318; 3 S. E., 473. Unquestionably, under our present practice an administrator or his sureties, sued upon an administration bond in the Court of Common Pleas, would have the right to plead and establish any defense, involving a judicial inquiry into the state of the administrator's accounts, which could have been pleaded and established in the old Court of Equity or in the Court of ordinary in a suit or proceeding against the administrator for an accounting and for the judicial ascertainment of the amount due a distributee. In this connection it is to be observed that under the old practice the bill for accounting could be maintained against the administrator and his sureties jointly. *Taylor v. Taylor,* 2 Rich. Eq., 123. If, therefore, under our present practice, in an action upon the administration bond there are available to the defendants all the defenses which under the old practice could only be

interposed and established in a suit or proceeding in the Court of Equity or in the Court of ordinary, it would seem clear that the fundamental reason for the rule requiring the decree of one or the other of those Courts, rendered in such separate suit or proceeding, as a condition precedent to the maintenance of the action at law upon the bond, no longer obtains.

3-6    The inquiry remains as to whether under the law, constitutional and statutory, conferring and defining the powers of our present Courts of Common Pleas and Courts of Probate, any valid reason exists for requiring a judgment of the Court of Probate establishing a breach of the bond as a prerequisite to maintaining an action against the surety upon the bond in the Court of Common Pleas. Under the Constitution of 1895, which differs materially both from the Constitution of 1790 and that of 1868 in this respect, no judicial power is expressly vested in the Court of Probate. It has only such jurisdiction as the General Assembly may confer. *Bradford v. Richardson,* 111 S. C., 205, 212; 97 S. E., 58, and see *Davenport v. Caldwell,* 10 S. C., 317. Conceding that jurisdiction "in all matters testamentary and of administration" (Section 166, C. C. P., 1922) expressly granted to the Judge of Probate by statute, the Court of Probate has no such exclusive jurisdiction as will preclude a judicial inquiry by the Court of Common Pleas into matters testamentary and of administration when the subject-matter of such inquiry is not already *res judicata* by virtue of a judgment of the Court of Probate. Thus in an action for an accounting against an administrator the Court of Common Pleas has concurrent jurisdiction with the Court of Probate. *Epperson v. Jackson,* 83 S. C., 157; 65 S. E., 217. If, however, at the time of the commencement of an action in the Court of Common Pleas there is an action or proceeding pending in the Court of Probate which properly embraces the subject-matter of the inquiry sought to be conducted in the

Court of Common Pleas, then under the principle of comity the Court of Common Pleas will decline to entertain jurisdiction of such inquiry. *Epperson v. Jackson, supra.* But, if the jurisdiction of the Court of Probate is not exclusive, and if the general jurisdiction of the Court of Common Pleas is concurrent in such matters, it would seem clear that in an action upon the administrator's bond a judgment of the Court of Probate establishing a devastavit or breach of the bond cannot soundly be held to be a prerequisite to maintaining such action in the Court of Common Pleas. Nor may a valid reason for requiring such prior judgment be found now as formerly (note to *Davant v. Pope,* 6 Rich., 247) in the express terms and tenor of the bond. While in an action by a distributee upon the administrator's bond the covenant upon which alone the breach can be assigned makes it the duty of the administrator to render an account when required by the Court of Probate, and the balance "found remaining upon the account of the said administration, the same being first allowed by the said Court, shall deliver and pay unto such persons respectively as are entitled to the same by law" (Section 5388, 3 Code, 1922), under its concurrent powers the Court of Common Pleas is as competent to call the administrator to account, to "allow" such account, and to determine whether the balance for distribution has been paid to the persons entitled thereto as is the Court of Probate.

In the case of *Wilbur v. Hutto* (1886) 25 S. C., 246, an action by a creditor against a surety upon an administration bond, it was held that a complaint which merely alleged that the creditor had recovered a judgment against the administrator for the debt owing by his intestate and that there had been a *nulla bona* return under execution thereupon did not sufficiently allege a devastavit by the administrator. In the case of *Burnside v. Robertson* (1888) 28 S. C., 583; 6 S. E., 843, an action by a distributee against the surety of an administration bond, where it appeared that there had been

5—S. C. R.—132.

an accounting in the Probate Court by the administrator and decree thereon finding a balance in his hands due to distributees, which balance had not been paid, it was held that a demurrer to the complaint, on the ground that it did not sufficiently allege that a devastavit had been committed by the administrator, was properly overruled. In the latter case the Court said: "An accounting before the Probate Judge, and a failure to comply therewith, has always been held a sufficient breach to authorize action on the bond." While in both the foregoing cases approval seems to be accorded the doctrine of the older cases that a prior judgment or decree in a separate action or proceeding, establishing a devastavit by the administrator, is essential to the maintenance of an action upon the bond against the surety, we do not think the application of that rule was essential to the conclusion reached in either case. In so far, therefore, as those cases express approval of the old rule, the expressions of the Court may properly be regarded as dicta.

If, as follows from the foregoing views, an action upon an administration bond may now be maintained without first obtaining a judgment or decree establishing a devastavit or breach of the bond in a separate suit or proceeding against the administrator, the complaint in such an action may not, of course, be held demurrable because of a failure to allege that such judgment or decree has been obtained. The test of its sufficiency is, Does it allege facts which tend directly to establish the breach of the condition of the bond relied upon to sustain the action, or facts from which such breach may be fairly inferred? If it does, then the administrator or his surety may meet the issue thus raised by interposing any defense which would have been available in any prior suit or proceeding in the Court of Probate or in the Court of Common Pleas.

In the case at bar the complaint alleges that the administrator made his account to the Probate Court; that by his final account he showed a balance for distribution among

the heirs at law of his intestate of a certain sum; that the record of the final accounting discloses that this amount was fully distributed among persons whom the administrator claimed to be the only heirs at law; that upon such final accounting the administrator was discharged by the Court of Probate; that the plaintiff was an heir at law and received no portion of the amount distributed by the administrator, etc. The facts thus alleged were clearly sufficient to establish a breach of the administrator's obligation under the bond to "deliver and pay" the balance in his hands for distribution, "unto such persons respectively as are entitled to the same by law." While not in form a judicial determination of a devastavit, the accounting of the administrator in the Court of Probate was in substance such a determination as against him; and it might well be doubted whether even under the old rule the showing made by the plaintiff was not sufficient to sustain the action. *Chambers v. Patton, supra. Lyles v. McClure, supra. Ordinary v. Mortimer,* 4 Rich., 271.

Appellant further contends that the complaint was demurrable, and that the Court in Williamsburg County was without jurisdiction, in that it appeared that the administration of the estate of J. C. Carsten, deceased, had been granted by the Court of Probate of Florence County, and that that Court "had first obtained and assumed jurisdiction," etc. The action here is for damages on account of an alleged breach of a bond. The application to such a cause of action of Sections 169 and 179, Code Civ. Proc., 1922, providing that all proceedings in relation to the settlement of the estate of a deceased person shall be had in the Probate Court of the County in which administration was granted, etc., and that the jurisdiction of the Probate Court in any case, so far as it depends on residence or location of the estate, shall not be collaterally impeached—upon which appellant predicates the foregoing contentions—is not apparent and has not been disclosed in argument. The contentions are overruled.

The proposition is also advanced that the complaint was demurrable, in that it appeared that the cause of action sought to be enforced would involve the collateral impeachment of the judgment of the Probate Court of Florence County granting to the administrator of J. C. Carsten, deceased, a final discharge, etc. It does not appear, and does not seem to be contended, that the plaintiff was a party to the proceeding in the Probate Court which culminated in the grant of letters dismissory to the administrator. Obviously, therefore, the rule against collateral attack as applied in the case cited by appellant (*Phillips v. Hill,* 116 S. C., 218; 107 S. E., 909) has no application.

The only remaining point requiring notice is the contention that the action was barred by the Statute of Limitations. That defense is thus pleaded in the answer:

" * * * Defendant alleges that the bond mentioned and described in the plaintiff's complaint is more than twenty years old, and, therefore, pleads the Statute of Limitations," etc.

The relation between the age of the bond and the breach thereof which would give currency to the Statute of Limitations is not apparent, and is not pointed out. The only authority cited by appellant upon this point is Section 342 of the Code of Civ. Proc., 1922. That section provides for certain exemptions, or additional periods of time granted to persons under disability, for bringing an action, and no contention of fact is made to which that section would in any wise appear to be applicable. If the bond here falls within the provisions of Subdivision 2 of Section 330 of the Code Civ. Proc., 1922, allowing 20 years for bringing an action upon "a sealed instrument other than a sealed note and personal bond for the payment of money only," and no contention is made to the contrary, this action was clearly brought within the time limited after the date of the alleged

breach of the bond.   See *Strain v. Babb,* 30 S. C., 342; 9 S. E., 271; 14 Am. St. Rep., 905.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.