## Wagner's Guardian et al. v. Palmer et al.

(Decided December 19, 1930.)

(As Modified on Denial of Rehearing, January 20, 1931.)

T. E. KING for appellants.

SWINFORD & SWINFORD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant sought a judgment against the appellees for $1,286.34, his petition was dismissed and he has appealed.

O. F. Wagner died intestate in Bourbon county, Ky., on 9th day of January 1919. He left surviving him as his only distributees and heirs at law his widow, Rena Wagner, who has since remarried and is now Rena

Wagner Palmer, and an infant son, Joseph C. Wagner. On January 19, 1919, Rena Wagner qualified as administratrix of her deceased husband, O. F. Wagner, and gave her father, J. R. Blackburn, and her uncle by marriage, J. H. Casey, as sureties on her bond. Between then and her remarriage on October 16, 1921, she spent and lost all of this money. We must in justice to her say she let her father have nearly all of this money and he lost it in an unwise land trade.

After settling her husband's estate, there remained in her hands due the infant, Joseph C. Wagner, $1,286.34. On September 11, 1926, C. D. Wagner qualified as guardian of this infant. He demanded settlement of the administratrix, and she refused to pay, and was in truth unable to pay.

In 1924 the surety, J. R. Blackburn, died intestate and insolvent. July 4, 1924, the other surety, J. H. Casey, died testate, and S. J. Casey has qualified as, and now is, his executor.

On November 25, 1927, C. D. Wagner, as guardian of Joseph C. Wagner, having duly proven and demanded of the executor of J. H. Casey payment of his claim, sued the administratrix, Rena Wagner Palmer, and the executor of the estate of J. H. Casey to recover this $1,286.34.

The record shows that Rena Wagner Palmer is and has been since 1920 utterly insolvent. It was the duty of Mrs. Palmer, as administratrix of her husband, when she got this estate settled, to either qualify as guardian of this child or have some one else do so and to pay the $1,286.34 in her hands, as administratrix, to her child's guardian. She did not do so. When she was sued she attempted to charge against this child, its board, schooling, books, medicine, etc., and she did succeed by so doing in making a claim for enough to consume the fund.

This child has been kept and cared for by Mr. Fred Palmer, her second husband. Mrs. Wagner had none of this child's money when she married Mr. Palmer. Whatever she has expended on the child since then was money she had obtained from Mr. Palmer and she cannot take credit for that.

The plaintiff was entitled to the judgment for which he prayed. But it is contended by counsel for appellees that at all events they are entitled to a credit of $350, and as the point is conceded by counsel for appellant, the

lower court will credit the judgment by that sum as of date of judgment. Judgment reversed, with direction to enter one as indicated.

Whole court sitting.

Judge LOGAN dissenting.