## Thomas v. Commonwealth.

(Decided December 19, 1930.)

J. E. WISE for appellant.

J. W. CAMMACK, Attorney General, and G. H. MITCHELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The grand jury of Hardin county indicted appellant, Edward Thomas, accusing him of committing the crime of detaining a woman for the purpose of having carnal knowledge with her himself, an offense denounced by section 1158 of our present Statutes. At his trial he was convicted and punished by confinement in the penitentiary for six years, and on this appeal by him from the verdict and judgment pronounced thereon only one alleged ground for reversal is made, although it is subdivided in the brief into two. Stating it as made in the brief for appellant it was and is this:

> "The only question made on this appeal is whether or not the court erred to the prejudice of appellant's substantial rights in the admission of incompetent evidence over his objections, and to which, he at the time excepted; and in refusing to discharge the jury and continue the case upon appellant's motion so to do."

Before addressing ourselves thereto it may be stated generally that the proof for the commonwealth was amply sufficient to sustain the verdict of the jury; the victim, a little girl between nine and ten years of age testifying in most convincing fashion, and without being weakened by cross-examination or by circumstances, to the guilty acts and conduct of defendant clearly showing a violation of the statute. Defendant admitted being with her at the schoolhouse and walking with her on the public road upon the occasion to which she testified, but he denied that, when she left the road and went through or across a fence to travel through a field which was a nearer route to her home from Rineyville to which she went on some errand for her mother, he accompanied

her. Witness testified that after the two had entered the field and had gotten away from the road defendant engaged in the conduct upon which the prosecution is based and for which he was convicted. However, he admitted that when his victim left the road he put his hand on her shoulder. The wife of a farmer, who lived nearby the place where the victim entered the field from the road, not only saw the two together coming up the road, but corroborated the prosecutrix by stating that defendant followed his victim and went through or over the fence into the field and was traveling with her as she started to cross it. There is no disputing the fact that, if defendant committed the acts testified to, they were sufficient to make out the crime, and for that reason we will not detail them in this opinion, since they were of the most guilty nature. Defendant introduced no witness but himself, and he testified as hereinbefore indicated, whereupon the commonwealth in rebuttal introduced some six or eight witnesses, who were neighbors of defendant, and proved by them his bad reputation in that community for morality.

It is concerning the testimony of two of such witnesses that the whole argument in brief of appellant's counsel is directed, there being no other objection to the trial made or intimated therein. The second subdivision of the sole ground argued for reversal, i. e., that the court erred in refusing to discharge the jury and continue the case, was bottomed upon the alleged error of the court in admitting parts of the complained of testimony, and, if there is no error in that regard, then subdivision 2 falls to the ground.

One of the character witnesses introduced by the commonwealth was Mr. L. Richardson, and he was asked the usual and properly framed question in the investigation of such issues, to which counsel for defendant objected, but which the court overruled, and in the confusion the witness did not reply to that question, and the commonwealth's attorney then asked him: "Is it good or bad?" To which he answered: "Bad." The court then admonished the jury the purpose of that testimony, and other witnesses were called on the same issue. Of course, technically speaking, the witness should have first stated whether he was acquainted with defendant's reputation in the respects inquired about, and it may be admitted that it was error for the court to allow further examination of him until that question was answered, but

it clearly appears that the witness did possess knowledge of defendant's reputation, since he immediately stated that it was bad and which would have been perjury on his part if he possessed no knowledge on the subject. Besides, a number of other witnesses testified upon the same issue as did that witness, but in the informal manner stated, and defendant introduced none to sustain his reputation so impeached by all of the witnesses introduced on that issue, and under such circumstances no reasonable person could conclude that the technical error now being considered was in the least prejudicial to defendant's substantial rights.

In further support of the sole argument made for a reversal, it is complained that during the examination of H. H. Stith, one of the character witnesses referred to, he was asked by the commonwealth, "Is the talk altogether about this case?" To which he made answer, "No, there are two or three more mixed with it," evidently meaning two or three more cases as being "mixed with it." No objection was made to the question when asked, but there was objection to the answer which the court promptly sustained, and admonished the jury to not consider it, and in which this was said: "Do not consider that for any purpose. Get clear out of your minds that that statement was made and do not consider that in this case at all."

Notwithstanding the court's ruling, defendant moved to discharge the jury and continue the case, which the court overruled and which forms the sole basis for subdivision 2 of the only ground relied on in the brief. The argument apparently displays an unfamiliarity with the rules of practice applicable to such occurrences during trials to the effect that a clear withdrawing of the testimony objected to from the jury, followed by a positive admonishment by the court, will not ordinarily be considered as prejudicial. Admitting for the purposes of the case only that the answer of the witness objected to was incompetent, the court in its admonishment emphatically conveyed to the jury his conclusion to that effect, and firmly impressed upon them to not consider the answer for any purpose whatever and to dismiss it entirely from their minds, and, if there ever was a case where the error was cured by the action of the court, this is undoubtedly one of them.

Finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.