16062

FOUCHE *ET AL.* v. ROYAL INDEMNITY CO. OF NEW YORK
(47 S. E. (2d) 209)

*Messrs. Williams S. Hope,* of Charleston, and *T. B. Bryant, Jr.,* òf Orangeburg, for Appellant,

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, for Respondents,

April 1, 1948.

STUKES, J.: This is an action brought in the Court of Common Pleas for Spartanburg County in April, 1947, upon an administration bond given in the matter of an estate in the Probate Court of Orangeburg County. Code of 1942, Secs. 8975, 8976. In the complaint it is alleged that the plaintiffs are the children, one posthumous, of the intestate, one V. T. Whaley, who lived in Orangeburg and died there in September, 1925. Plaintiffs' mother, decedent's widow, was the only other surviving heir at law and she was appointed administratrix and defendant was the surety upon her bond in the amount of $125,000.00 which was dated Sept. 18, 1925; that the administratrix failed to file returns, although she handled large sums of money and other personal property, until her purported final settlement of the estate on Sept. 23, 1929, when Letters Dismissory were issued to her by the Probate Court, and the plaintiffs, then infants, were not parties to the Probate Court proceeding and no guardian *ad litem* was appointed to represent them; that the administratrix took credit in the settlement for commissions in the approximate sum of $6,000.00, to which she was not entitled because she had failed of compliance with the law requiring annual returns of receipts and disbursements; that she further took credit in the settlement for $9,-200.00 which represented $200.00 per month for each of the forty-six administration months for the care and support of plaintiffs, her children, whom she was charged by law to support and maintain and was financially able so to do; that the plaintiff, Fouche, is now twenty-five years old and plaintiff, Whaley, just twenty-one; that their mother, the administratrix, died about ten years ago, that plaintiffs were damaged in the sum of $15,200.00 with interest compounded annually from Sept. 23, 1929, by reason of the illegal credits

aforementioned, which the administratrix took in her final settlement; that demand upon defendant for payment has been made and refused. The prayer is for judgment for the stated amount and interest.

The defendant first appeared specially to object to the jurisdiction of the court, which, however, is not involved in the appeal; then it successively moved (1) for a change of venue, (2) to bring in additional defendants, to wit, the Probate Judge of Orangeburg County and plaintiffs' stepfather who had married their widowed mother, and plaintiffs' half-sisters and half-brother, who were children of plaintiffs' mother's second marriage, and (3) answered, saving the preceding motions.

The answer contained denials and several additional, affirmative defenses. Plaintiffs demurred to the latter, which were embraced in paragraphs 12 to 18, both inclusive, of the answer; and moved for an order of reference to the Master. Defendant then moved for an order requiring a reply to the alleged new matter set out in its answer. The latter will be hereinafter discussed in such detail as is required for disposition of the pertinent questions argued before us.

Arguments upon the motions and demurrer were heard by the resident circuit judge at chambers on June 7, 1947, and he filed his order June 19, 1947, whereby all of defendant's motions were refused, plaintiffs' demurrer to the affirmative defenses in the answer was sustained, and the case was referred to the Master in Equity for Spartanburg County by a general order of reference. The reasoning and conclusions of the order will be referred to as may be convenient in consideration of the exceptions of the defendant, which is now appellant.

Taking the questions in the order presented, the first is that of venue, or rather the place of trial. Appellant's motion was to transfer the case to Orangeburg County and was upon the grounds (1) that the cause of action arose there, (2)

that the convenience of witnesses and the ends of justice would be thereby promoted, and (3) that the subject matter of the action is contained in the records of the Probate Court of Orangeburg, which will be necessary to a determination of the controversy. The motion was supported by a counsel's affidavit in which were set forth, *inter alia,* the facts that respondents' guardian was Edisto National Bank of Orangeburg and during their infancy they resided there with, and were cared for by, their uncle who was also their step-father; that the respondent Whaley is a student at a medical College in Nashville, Tennessee, and respondent Fouche is a post-graduate student at Columbia University (see *Roof v. Tiller,* 195 S. C. 132, 10 S. E. (2d) 333, 132 A. L. R. 500); that there were numerous lawsuits involving the estates of respondents' father and mother in Orangeburg County where the records thereof are; that the witnesses would be inconvenienced by the distance to be traveled and the length of time necessary for them to absent themselves from home and business and the expense incident to maintenance away from home; and that a principal witness for defendant is the Orangeburg Probate Judge who lacks legal authority to close his office for a sufficient period to serve as a witness (in Spartanburg). The record indicates that these allegations were not traversed by counter-affidavit or otherwise. The complaint, which was verified by one of the respondents in the State of New York, contained no allegation relating to the residence of respondents. The order refusing change of venue includes the statement that "several of the witnesses" reside in Spartanburg but this appears to be entirely without evidential support in the record and is not explained or enlarged in the order.

On this record before the circuit judge we are constrained to hold that sound discretion required that he change the place of trial to Orangeburg County. The showing that the witnesses would be convenienced and the ends of justice served by such change was all one way.

There was, indeed, no effort apparent in the record to show to the contrary. This provision of the order under appeal is reversed for entry of order transferring the case to Orangeburg for trial. Code of 1942, Sec. 426(3). *Patterson v. Charleston & W. C. Ry. Co.,* 190 S. C. 66; 1 S. E. (2d) 920. *Gregory v. Powell,* 206 S. C. 261, 33 S. E. (2d) 629.

Reversal for order changing the place of trial necessarily carries with it reversal of the order of reference to the Master of Spartanburg County. The proceeding will revert to its status before motion therefor was made, without prejudice to the right of respondents to move again for a reference, if they be so advised.

Appellant's motion to add defendants was upon the ground that they have an interest contrary to the claim alleged by plaintiffs and in order to establish the liability, if any, of the suggested additional parties and prevent a multiplicity of suits. The parties sought to be brought in as defendants were the Judge of Probate of Orangeburg County and S. K. Whaley, the brother of respondents' father who, after the latter's death, married respondents' widowed mother, and the minor children of this second marriage, *viz.,* Thomas M. Whaley, Tena Whaley, and Parnell B. Whaley. The motion was supported by the contentions, in effect, that if liability be found against appellant in favor of respondents, recoupment of loss would be possible against the Judge of Probate for his dereliction of statutory duty in the matter of the handling of the estate; and that should liability be ultimately fixed upon the administratrix, who has since died and her property passed by will to her surviving husband and children, then such property in their hands might be subjected to payment of any judgment which may be rendered in favor of respondents.

> The motion was refused upon the grounds, first, that it was a matter within the discretion of the court and, second, that the proposed addition of defendants

would confuse the issues between appellant and respondents and that the latter are entitled to pursue appellant's alleged liability upon its bond without suing others in this action. This was a discreet disposition of the motion as will be seen by reference to the provisions of the Code of 1942, particularly Secs. 404 and 409, the latter in part as follows: "When a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." This means "when there are other persons, not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined". *Phillips v. Clifton Mfg. Co.,* 204 S. C. 496, 30 S. E. (2d) 146, 148, 157 A. L. R. 1255. Otherwise the matter is discretionary. *Weinberg v. Weinberg,* 208 S. C. 157, 37 S. E. (2d) 507. See also *Simon v. Strock,* a tort case, 209 S. C. 134, 39 S. E. (2d) 209, 168 A. L. R. 596, and cases cited.

There is not presented in this case an effort to bring in as a defendant the appellant-surety's principal (she is dead) as in *Bessinger v. National Surety Corp.,* 207 S. C. 365, 35 S. E. (2d) 658; and with respect to her heirs or devisees and with respect to the Probate Judge, their alleged liability to appellant, if any, is not direct or original, but is a contingent or derivative liability which will arise, if at all, upon the establishment in this action of liability of appellant to respondents and, in the case of the devisees, will be dependent also upon the tracing into their hands of property formerly of their testatrix which may be subjected to payment of the liability or they held liable to the extent of its value. The observations just made are not adjudications for the matters referred to are not in issue. Multiplicity of actions will be avoided by the courts by the bringing in of additional parties, but, if opposed, only when compatible with the preservation to plaintiff of established rights and procedure. *Little v. Lassiter,* 156 S. C. 286, 153 S. E. 128.

Even the administrator is not a necessary party to an action against his surety for damages for breach of the condition of the bond. *McKenzie v. Standard Acc. Ins. Co.,* 189 S. C. 475, 1 S. E. (2d) 502. *American Surety Co. v. Jefferies,* 1943, 70 Ga. App. 408, 28 S.E. (2d) 355. This is the general rule in other jurisdictions also. 34 C. J. S., Executors and Administrators, § 981. *Johnson v. Marsh,* D. C. 1943, 49 F. Supp. 137. It was held in the decision last cited that generally the principal obligor and surety may be sued alone or jointly, at the option of the plaintiff.

Coming to the defenses alleged in paragraphs 12 to 18, inclusive, of the answer, to which demurrer was sustained, the first is, in effect, that the Edisto National Bank was appointed guardian of the estates of the then infant respondents on Sept. 13, 1929, and entered upon its duties pursuant to order of the Probate Court; that prior to her application for discharge as administratrix, respondents' mother filed her full accounting of receipts and disbursements as administratrix in the court, which was subject to inspection by the guardian and the latter receipted on Sept. 20, 1929, for various assets, the property of its wards under the settlement of the estate; and if there was violation of law by the administratrix in any attendant respect, which is denied, the bank, as guardian, was guilty of neglect and is responsible for any loss. The demurrer to this alleged defense was properly sustained. The cause of action stated in the complaint is against the appellant and whether liability also exists on the part of the guardian of the estates of the respondents, then minors, is wholly irrelevant. The same may be aptly said with respect to the contents of the thirteenth paragraph of the answer which alleges the legal conclusion that the liability attempted to be asserted by respondents in the complaint, if any, is that of the Probate Judge rather than that of appellant. Some, at least, of the factual matters alleged in these attempted defenses may be admissible in evidence upon trial under the denials contained elsewhere in

the answer, but the proper legal conclusions therefrom will remain for the court. The authorities cited, *supra,* in the discussion of appellant's effort to bring in additional defendants, are applicable here by parity of reasoning.

The fourteenth and fifteenth paragraphs of the answer set up laches and the alleged bar of the Statute of Limitations. These contended defenses were considered and stricken from the answer on circuit and are fully argued in the briefs. They will be treated in inverse order, first the statute.

*Ariail v. Ariail,* 29 S. C. 84, 7 S. E. 35, was a suit similar to this except that it was against the heirs of a deceased administrator instead of against his bondsman. An erroneous purported final return was filed by the administrator and he was discharged, as here, which the court held gave currency to the Statute of Limitations with respect to a cause of action which arose by reason of error in the return. The limitation applied was four years and nine months, provided by the statute in effect before the adoption of the Code. It was held to have been suspended as to the plaintiffs who were minors at the time of the return and began to run against them after they severally attained their majorities. The purported final return was filed in 1868, the administrator died in 1870 and the action was instituted in 1885. All of the plaintiffs were barred by the limitation except one. It was emphasized in the opinion that the effective limitation was that prevailing before adoption of the Code. See also, *Burnside v. Donnon,* 34 S. C. 289, 13 S. E. 465. It had previously been decided by the court in *Fricks v. Lewis,* 26 S. C. 237, 1 S. E. 884, 885, but involving the provisions of the Code with respect to limitations, particularly the then section 122, that the plaintiffs were barred in that attempted action against the administrator because it was not commenced within one year after they had attained their respective majorities, and the period of the applicable statute had meanwhile run. The decision is of importance here, like the *Ariail case, supra,* because it held, upon the authority of

earlier cited cases, that the purported final return of the administrator was, as said, "such a throwing off his trust as would give currency to the statute", and that such currency was as effective against infants as against adults, except that the infants had the full period of the statute plus one year after attaining majority in which to commence action. In that case the disavowal of trust evidenced by the purported final return was in 1871 and the distributee commenced her action for accounting in 1885, two years after attaining her majority. The then Code section applied by the court provided a six-year period of limitation after accrual of the cause of action, which was subject to extension of one year after the disability of infancy expired, and also, of course, to further extension if necessary to fully cover the period of disability plus one year.

Applying these authorities to the facts appearing in the complaint in this action, the running of the statute of limitations began September 23, 1929, which was the date of the purported return of the administratrix and her consequent discharge by the probate court. Less than twenty years thereafter elapsed before the commencement of the action. It was in time without regard to the former infancy of the plaintiffs. Sec. 387(2), Code of 1942, is the applicable statute: "Within twenty years * * * an action upon a sealed instrument other than a sealed note and personal bond for the payment of money only * * *." *Strain v. Babb*, 30 S. C. 342, 9 S. E. 271, 14 Am. St. Rep. 905. And it is unimportant that the bond was more than twenty years old when the action was commenced. *Beatty v. National Surety Co.*, 132 S. C. 45, 128 S. E. 40.

Laches is difficult of definition but one is found in the recent case of *Bell v. Mackey*, 191 S. C. 105, 3 S. E. (2d) 816. To it may be added the following quotation from 34 C. J. S., Executors and Administrators, § 1207 with reference to actions upon administration bonds: "It has been held that mere delay short of the full period of limitation

will not defeat an action on the bond. There must be unreasonable and unexplained delay." To the same effect is *Crumrine v. Dizdar,* Cal. 1944, 59 Cal. App. (2d) 783, 140 P. (2d) 101. Here explanation is obvious. The action was commenced within a few months after the younger respondent reached the age of twenty-one years. And laches does not arise as a defense against a plaintiff during his minority, simply because he is not *sui juris.* 19 Am. Jur. 352; *Pettus v. Clawson,* 4 Rich. Eq. 92; *Jose v. Lyman,* 316 Mass. 271, 55 N. E. (2d) 433, 154 A. L. R. 190. The defenses of laches and limitation were properly stricken.

In the sixteenth paragraph offset is claimed against any liability as alleged in the complaint by reason of the support and education given respondents by their uncle and stepfather, S. K. Whaley, the expense of which was met by him from funds received from the estate of his wife and to which the guardian of respondents did not contribute from their estates. The alleged situation is entirely lacking in the element of mutuality which is necessary for offset, so the demurrer thereto was rightly sustained. In the Kentucky case of *Wagner's Guardian v. Palmer,* 236 Ky. 683, 33 S. W. (2d) 683, 684, the plaintiff's ward's mother administered on her husband's (his father's) estate from which was realized $1,286.34 for him. Her father and uncle were her sureties upon the administration bond. She let her father have the money of the estate and he lost it and died insolvent. Suit was against the administratrix and the executor of her solvent surety, then deceased. The court said: "When she was sued she attempted to charge against this child, its board, schooling, books, medicine, etc., and she did succeed by so doing in making a claim for enough to consume the fund (in the lower court—interpolated). This child has been kept and cared for by Mr. Fred Palmer, her second husband. Mrs. Wagner had none of the child's money when she married Mr. Palmer. Whatever she has expended on the child since then was money she had obtained from Mr.

Palmer and she cannot take credit for that. The plaintiff was entitled to the judgment for which she prayed". See also the old (1850) Delaware case of *State v. Waples,* 5 Har. 257, in which it was held that in an action by a distributee, a minor, against the surety of an administrator, the defendant could not, under a plea of payment or setoff, set up a claim for maintenance and support of the minor by his mother, the administratrix. These authorities at least closely approach the next point for discussion which is not disposed of on the merits, as will be seen.

The seventeenth paragraph of the answer is to the effect that the mother of respondents, who was the administratrix of the estate of their father, was without means except such as were obtained by her from the estate and that she properly used sufficient of the assets of it in support of respondents during their minority. While demurrer was sustained to this and the other affirmatively alleged defenses, it was held by the court, to which there is no exception, as follows:

"I would like to make it clear that I feel that the defendant has a right to account in this action and it can introduce evidence to show that the acts complained of in the complaint in regard to commissions alleged to have been unlawfully taken by the administratrix and funds used by the administratrix for the support of the children were not unlawful or illegal and that the administratrix had a lawful right to credit herself with commissions in the final settlement; further as to funds used by the administratrix for the support of the two minors that it was necessary so to do and that the funds so used were not in excess of a sum reasonable for the support and maintenance of children of their age and station in life."

The foregoing holding was repetitious with respect to the seventeenth paragraph of the answer for with immediate reference to sustention of demurrer to it the court said: "If the defendant can show by an accounting in this action that funds were justifiably spent by the

administratrix for the support of the minor children and that these funds were not in excess of a sum necessary for their maintenance and support, these facts can be shown under other allegations of the answer, to wit: the denials contained therein other than in the affirmative defenses of the answer". Certainly under these circumstances the contention of error cannot be sustained and it is unnecessary to decide the interesting question argued in the briefs in this connection. The quoted conclusions of the court are supported by by the following from the opinion in *Beatty v. Nat. Surety Co., supra,* 132 S. C. 45, 128 S. E. 40, 44: "The test of its (the complaint's) sufficiency is, Does it allege facts which tend directly to establish the breach of the condition of the bond relied upon to sustain the action, or facts from which such breach may be fairly inferred? If it does, then the administrator or his surety may meet the issues thus raised by interposing any defense which would have been available in any prior suit or proceeding in the court of probate or in the court of common pleas."

The question undecided, because now unnecessary, is whether it was the duty of the administratrix to support respondents, who were her children, during their minority or that expense should' have been met from their inheritances or from the estate. If proper answer to it constitutes a defense to the cause of action alleged in the complaint, in whole or in part, it will be available to appellant upon trial, under the terms of the circuit order which is unappealed in this respect.

The final defense alleged in the answer, to which demurrer was sustained, is contained in the eighteenth paragraph which is to the effect that the long passage of time since the events alleged in the complaint has obscured them by the deaths of persons who would have otherwise been available as witnesses, etc. This is patently no defense to this action. See the authorities *supra* upon laches which covers stale demand, as alleged here.

In view of affirmance of the sustention of demurrer to the alleged defenses in paragraphs 12 through 18 of the answer, the question of reply, which was sought by appellant in the lower court, has become moot and need not be considered.

The case is remanded to the Court of Common Pleas for further proceedings consistent with the conclusions which have been stated.

Affirmed in part; reversed in part.

BAKER, C.J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.