19 F.3d 1429
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sam C. C. KIMBREL; Roxie Nell P. Kimbrel; Mary Ruth
Kimbrel; Helen K. Avant, Plaintiffs-Appellants,
THE TRAVELERS INDEMNITY COMPANY, Defendant-Appellee,
v.
E. V. KIMBREL, Jr., Third Party Defendant-Appellee.
 No. 92-2546.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 15, 1994.
Decided: March 10, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-89-1742-2-18)
 Everett Wilson Bennett, Jr., Alexander, Bennett & Associates, Waterboro, South Carolina, for appellants.
 William Heyward Grimball, Sr., Grimball & Cabaniss, Charleston, South Carolina, for Appellees.
 D.D.C.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants appeal from the district court's order granting summary judgment to The Travelers Indemnity Company ("The Travelers") in this action on an estate administrator's bond. Finding no error, we affirm.
 
 
 2
 Because the district court granted summary judgment based on the statute of limitations, we recite in some detail the chronology of events in this case.
 
 
 3
 E. V. Kimbrel, Sr. ("decedent") died intestate in Colleton County, South Carolina, in December 1965. Decedent was the owner and operator of Coastal Manufacturing Company, which manufactured and sold wooden pallets, boxes, crates, and other wood products. Decedent's sole surviving legal heirs were his widow (Roxie Nell P. Kimbrel) and five children. Decedent's widow and three of his children (Sam, Mary Ruth, and Helen Avant) were plaintiffs in the action below. The fourth child, E. V. Kimbrel, Jr. ("Kimbrel, Jr."), was the third-party defendant, and decedent's fifth child, Myrna Hiott, was not a party to this case.
 
 
 4
 Following his father's death, Kimbrel, Jr. qualified as administrator of the estate in January 1966 and posted a bond on which The Travelers was surety. The bond secured Kimbrel, Jr.'s performance as administrator of decedent's estate. Kimbrel, Jr. obtained an order from the Colleton County probate court for the continued operation of Coastal Manufacturing.
 
 
 5
 In December 1966, while Kimbrel, Jr. was operating Coastal Manufacturing, Citizens and Southern National Bank ("C & S Bank") filed suit against Kimbrel, Jr., individually and as administrator of the estate, and against Appellants, to foreclose on a note secured by the real estate and personal property used in the operation of Coastal Manufacturing. In July 1967, the probate court recommended that a judgment of $19,309.89 be entered as a first lien over the property.
 
 
 6
 In November 1967, Sam and Roxie Kimbrel petitioned the probate court to order Kimbrel, Jr. to file an appraisal and accounting of the estate with the court as required by law. The probate court ordered Kimbrel, Jr. to file an inventory and accounting of the estate and suspended his powers as administrator in December 1967. The probate court then appointed Myrna Hiott as special trustee of all funds of the estate, with full authority to receive and disburse funds, although Kimbrel, Jr. was still required to countersign disbursements checks. The court also required that Hiott file a bond.
 
 
 7
 In March 1968, Appellants' attorney asked the probate judge whether Kimbrel, Jr. was in contempt of court for failing to comply with the court's order to file an accounting of the estate. In May 1968, Kimbrel, Jr. submitted an accounting of his actions to the probate court. The accounting was never accepted by the probate court.
 
 
 8
 In July 1968, Appellants' attorney noted that the estate had no money and that a form of accounting had been entered but not approved by the probate judge. In November 1968, Appellants' attorney complained that the accounting was inadequate and not in compliance with the probate judge's order.
 
 
 9
 In August 1970, the probate court revoked and canceled the Letters of Administration issued to Kimbrel, Jr. and ordered him to show cause why he should not be held in contempt for failing to comply with the court's December 1967 order to make a true and full accounting of the estate. The probate court removed Kimbrel, Jr. as administrator of the estate in September 1970, and following another change of administrators, closed the estate in November 1977.
 
 
 10
 Appellants filed this suit in July 1989, based on diversity jurisdiction, alleging that Kimbrel, Jr. wasted, misappropriated, and converted assets and funds of decedent's estate. Appellants sued The Travelers, as surety, for the value of the $98,000 bond signed by Kimbrel, Jr. The Travelers impleaded Kimbrel, Jr. as a third-party defendant.
 
 
 11
 The district court granted partial summary judgment to The Travelers in January 1992 as to Appellants' claims to certain real estate. The Travelers then moved for summary judgment on the remaining claims, based on the statute of limitations, res judicata, and laches. Finding the action barred by the applicable state statute of limitations, the district court granted summary judgment to The Travelers and declined to reach the other issues.
 
 
 12
 We review an award of summary judgment de novo. Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162 (4th Cir.1988). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the party opposing the motion. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979).
 
 
 13
 The statute of limitations for "an action upon a bond or other contract in writing secured by a mortgage or real property" is twenty years. S.C.Code Ann. Sec. 15-3-520 (Law. Co-op.1988). However, the statute does not specify when a cause of action accrues. The Travelers maintains that the statute of limitations began to run on December 13, 1967, when the probate court suspended Kimbrel, Jr.'s powers as administrator of the estate. Appellants contend that the statute of limitations began to run no earlier than September 1970, where the probate judge removed Kimbrel, Jr. as administrator of the estate and revoked his Letters of Administration. For the reasons that follow, we find that The Travelers has the better argument.
 
 
 14
 As correctly stated by the district court, a cause of action accrues "the moment the right to commence an action comes into existence." 51 Am.Jur.2d Limitations of Actions Sec. 107, Cf. Brown v. Finger, 124 S.E.2d 781 (S.C.1962): Mathews v. City of Greenwood, 407 S.E.2d 668 (S.C. Ct.App.1991). In actions for breach of a bond, the statute of limitations begins to run when the bond is allegedly breached.
 
 
 15
 See Beatty v. National Sur. Co., 128 S.E. 40, 45 (S.C.1925) (action was clearly brought within the statute of limitations after the bond was allegedly breached); Renwick v. Smith, 11 S.C. 294, 305 (1879) (statute of limitations accrues when the administrator effectively abandons his office). We find the following language from Renwick to be particularly persuasive and dispositive of this case:
 
 
 16
 The currency of the statute [of limitations] does not necessarily depend upon the fact of a full and final discharge of the duty of the administration. It commences to run when it appears that the administration has done some act, brought to the notice of the parties affected by it, equivalent to an abandonment of such office, although such act may not in itself be wrongful.
 
 
 17
 Renwick, 11 S.C. at 305. This rule allows an estate beneficiaries to control the wayward administrator without waiting for his dismissal or the closing of the estate.
 
 
 18
 Appellants' complaint alleged that Kimbrel, Jr. dissipated, wasted, misappropriated and converted to his own personal use certain assets and funds of the estate, and that Kimbrel, Jr. neglected and refused to perform his statutory duties as Administrator. All but one of the actions upon which Appellants' complaint is based occurred between January 31, 1966, when Kimbrel, Jr. was appointed administrator, and December 13, 1967, when Kimbrel, Jr. was temporarily suspended by the probate court as administrator.* However, Appellants failed to file this action until July 14, 1989.
 
 
 19
 Relying upon the holding in Renwick, the district court found that Kimbrel, Jr.'s action and inaction, which were "brought to the notice of the parties affected by it," were equivalent to an abandonment of the office of administrator. Based on this undisputed evidence, the district court properly granted summary judgment for Travelers. Appellants knew as early as August 1967, when C & S Bank filed a foreclosure action against Kimbrel, Jr., that he was possibly mismanaging the estate. Moreover, the district court correctly noted that the probate court's suspension of Kimbrel, Jr. as administrator in December 1967 alerted Appellants to the possibility that he was mismanaging the estate. In fact, as the district court correctly pointed out, Kimbrel, Jr.'s suspension resulted from a petition filed by Sam and Roxie Nell Kimbrel.
 
 
 20
 Furthermore, we agree with the district court that Appellants knew of Kimbrel, Jr.'s possible mismanagement of the estate when Myrna Hiott was appointed special trustee of decedent's estate in January 1968, and again when Kimbrel, Jr. filed an inadequate accounting in May 1968. Moreover, a letter from Appellants' attorney to The Travelers in November 1968 unequivocally demonstrates that Appellants were aware of the problems with the estate. Finally, Sam Kimbrel admitted at deposition that he was encouraged as early as 1968 to bring a suit against the bond.
 
 
 21
 Based on the above undisputed facts, we agree with the district court that the statute of limitations for an action for waste and misappropriation in the administration of the estate began to run on December 13, 1967, when Kimbrel, Jr.'s powers as administrator were suspended. Similarly, we hold that the district court properly found that the statute of limitations for the inadequate accounting began to run on May 11, 1968, when Kimbrel, Jr. filed his final accounting. That being so, Appellants' complaint, filed in July 1989, was untimely. Because Appellants complained only of actions that Kimbrel, Jr. took before July 14, 1969, and failed to allege that Appellants did not or could not have known of such actions at the time, their suit was barred by the statute of limitations. Accordingly, we affirm the district court's order granting summary judgment to The Travelers.
 
 
 22
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 Appellants also asserted that Kimbrel, Jr.'s accounting of the estate, filed on May 11, 1968, was inadequate